RAY V. MCFARLAND

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-259-CV

LORI RAY f/k/a APPELLANT

LORI BROOKS

V.

CAROLYN McFARLAND APPELLEE

------------

FROM PROBATE COURT NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

Introduction

This case involves a will contest and the attempted admission of a prior will into probate.  Lori Ray appeals the part of the trial court’s judgment that:  sets aside the jury’s finding that Carolyn McFarland’s attempt to probate a prior will was not done in good faith and with just cause; provides that McFarland’s attorney’s fees be paid by the estate; and orders each party to pay their own court costs instead of awarding them to Ray as the prevailing party.  We reverse the trial court’s judgment in part and render a judgment on the jury’s verdict.

Background

When Ray’s grandmother, Ida Gamblin, passed away, Ray filed an application to probate a 1991 will that named Ray as the sole beneficiary of Gamblin’s estate.  McFarland, who is Ray’s mother and Gamblin’s daughter, contested the 1991 will on the ground that Gamblin lacked testamentary capacity when she executed the will or, alternatively, that Ray unduly influenced Gamblin to execute the will.  McFarland also attempted to admit to probate a 1989 will that named McFarland as Gamblin’s sole beneficiary.  The jury found that Gamblin had testamentary capacity when she executed the 1991 will, that Ray did not unduly influence Gamblin to execute the 1991 will, and that McFarland’s attempt to probate the 1989 will was not done in good faith and with just cause.  
See
 
Tex. Prob. Code Ann.
 § 243 (Vernon Supp. 2003) (providing that person probating or defending a will may recover attorney’s fees from the estate only if acting in good faith and with just cause).   McFarland filed a Motion for Judgment Notwithstanding the Verdict and a Motion to Disregard Jury Findings, alleging that there was no evidence to support the jury’s finding that her attempt to probate the 1989 will was not done in good faith and with just cause and that the evidence conclusively established her good faith and just cause.  The trial court’s final  judgment sets aside the jury’s finding, stating that “the court finds that . . . McFarland did prosecute this proceeding in good faith and with just cause.”  The judgment also admits the 1991 will to probate, orders that McFarland recover her attorney’s fees from Gamblin’s estate, and provides that “each party incurring costs of court shall bear all her own costs of court.”

Analysis

Legal Sufficiency of Jury Finding on Good Faith and Just Cause

In her first point on appeal, Ray contends that the trial court erred in setting aside the jury’s finding that McFarland’s attempt to probate the 1989 will was not made in good faith and with just cause and entering a judgment non obstante veredicto (n.o.v.) in McFarland’s favor on that question.  Under section 243 of the probate code, McFarland had the burden to prove that she brought the suit in good faith and with just cause.  
See id
.  A trial court may disregard a jury’s verdict and render judgment n.o.v. if there is no evidence to support the jury’s findings or if a directed verdict would have been proper.  
Brown v. Bank of Galveston,
 963 S.W.2d 511, 513 (Tex. 1998); 
Fort Bend County Drainage Dist. v. Sbrusch,
 818 S.W.2d 392, 394 (Tex. 1991)
; 
see also
 
Tex. R. Civ. P. 
301.  A directed verdict is proper only under limited circumstances:  (1) the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent; or (2) the evidence is insufficient to raise a fact issue that must be established before the opponent is entitled to judgment. 
 Prudential Ins. Co. v. Fin. Review Servs., Inc., 
29 S.W.3d 74, 77 (Tex. 2000); 
Boswell v. Farm & Home Sav. Ass'n
, 894 S.W.2d 761, 768 (Tex. App.—Fort Worth 1994, writ denied).  In determining whether there is no evidence to support the jury verdict, we consider the evidence in the light most favorable to the jury’s finding, considering only the evidence and inferences which support the finding and rejecting the evidence and inferences contrary to the finding.  
Brown,
 963 S.W.2d at 513; 
Navarette v. Temple ISD
, 706 S.W.2d 308, 309 (Tex. 1986).

The jury charge defined “good faith” as “an action which is prompted by honesty of intention, or a reasonable belief that the action was probably correct,” and “with just cause” as meaning that “the actions of . . . McFarland in this proceeding were based on reasonable grounds and there was a fair and honest cause or reason for said actions.”  Through the testimony of several witnesses, Ray established that Gamblin had testamentary capacity on March 1, 1991, the day she executed the 1991 will.  In addition, the jury also heard from several witnesses that Gamblin wanted to exclude McFarland from her 1991 will because McFarland had used her appointment as Gamblin’s power of attorney to take cash and other property from Gamblin.  Ray also testified that when McFarland found out about the 1991 will, she “wasn’t happy” and told Ray, “Now, you listen to me, sister, and you listen to me good; I’m not through with you yet.”  Around the same time, McFarland had hired an attorney to institute a guardianship proceeding naming her Gamblin’s guardian.  Shortly after McFarland learned about the 1991 will, her attorney in the guardianship proceeding told the attorney who prepared the 1991 will that McFarland would contest that will.  Further, McFarland admitted that she wrote the 1989 will naming her sole beneficiary of Gamblin’s estate.

We hold that the record contains some evidence supporting the jury’s finding; thus, the trial court erred in disregarding the finding and entering a judgment n.o.v.  
Cf. Collins v. Smith
, 53 S.W.3d 832, 842-43 (Tex. App.—Houston [1
st
 Dist.] 2001, no pet.) (evidence that decedent had testamentary capacity on day he executed will sufficient to overcome factual sufficiency challenge to jury’s finding that attempt to probate prior will was not in good faith and with just cause).  We sustain Ray’s first point.  
Because we hold the trial court erred in disregarding the jury’s finding, we also sustain Ray’s second point, which contends that the trial court erred in determining the amount of attorney’s fees McFarland could recover from Gamblin’s estate. 

Court Costs

In her third point, Ray claims the trial court erred in assessing court costs against the party incurring them rather than awarding Ray her court costs as the prevailing party at trial.  We review the trial court’s allocation of costs under an abuse of discretion standard.  
Rogers v. Walmart Stores, Inc.
, 686 S.W.2d 599, 601 (Tex. 1985).

Civil procedure rule 131 provides that the “successful party to a suit shall recover of his adversary all costs incurred.”  
Tex. R. Civ. P. 
131.  Under rule 141, however, a trial court may tax costs against the successful party, but only with “good cause, . . . stated on the record.”  
Tex. R. Civ. P. 
 141.  A successful party is one who obtains a judgment of a competent court vindicating a civil claim of right.  
Jackson v. Houston ISD
, 994 S.W.2d 396, 403 n.5 (Tex. App.—Houston [14
th
 Dist.] 1999, no pet.); 
Mixon v. Nat’l Union Fire Ins. Co. of Pittsburgh, PA
, 806 S.W.2d 332, 335 (Tex. App.—Fort Worth 1991, writ denied).  Absent an express provision in the probate code to the contrary, the rules regarding costs that are applicable in other civil cases are applicable to probate cases.
 
 Tex. Prob. Code Ann.
 § 12(a) (Vernon 1980).  We find no probate code provision contravening rules 131 and 141. 
 Tex. R. Civ. P. 
 131, 141.

The jury in this case answered all questions in favor of Ray.  Although the trial court set aside the jury’s finding on good faith and just cause, we have determined that the trial court erred in doing so.  Accordingly, Ray was the successful party at trial.  Additionally, the judgment did not state that the trial court was holding Ray responsible for her own court costs for “good cause”; thus, rule 141 is inapplicable.  
Tex. R. Civ. P.
 141.  Therefore, we hold that the trial court abused its discretion in taxing court costs against the party incurring them and sustain Ray’s third point.

Cross-points

McFarland raises five cross-points, claiming that (a) the evidence is factually insufficient to support the jury’s finding that Gamblin had testamentary capacity when she executed the 1991 will, (b) the jury’s finding that McFarland did not attempt to probate the 1989 will in good faith and with just cause is against the great weight and preponderance of the evidence, (c) the jury’s failure to determine the amount of attorney’s fees to be awarded McFarland is against the great weight and preponderance of the evidence, and (d) the jury’s verdict should be set aside due to improper jury argument and the improper introduction of evidence.

Ray contends that McFarland has waived her cross-points because she did not file a notice of appeal as required by rule 25.1(c).  
Tex. R. App. P.
 25.1(c).  McFarland withdrew all five cross-points in her reply brief, so we will not address them.

Conclusion

Having sustained Ray’s points, we reverse the portion of the trial court’s judgment setting aside the jury’s finding that McFarland did not file the suit in good faith and with just cause, awarding attorney’s fees to McFarland, and requiring each party to pay her own costs.  We render a take-nothing judgment on McFarland’s claim for attorney’s fees and assess all court costs against McFarland.  We affirm the remainder of the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

[Delivered January 9, 2003]