**RIVER OAKS PLACE COUNCIL OF CO-OWNERS, Appellant,**

v.

**Richard D. DALY, Appellee.**

**No. 13–03–037–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 31, 2005.

---

William S. Chesney, III, Frank, Elmore, Lievens, Chesney & Turet, LLP, Houston, for Appellant.

Charles L. Cotton, Cotton & Farrell, Houston, for Appellee.

Before Justices YAÑEZ, CASTILLO and GARZA.

## OPINION

Opinion by Justice GARZA.

The controversy underlying this appeal is whether Richard D. Daly can lawfully

equip his condominium unit with a satellite dish. Daly's condominium unit is located in River Oaks Place, a complex comprised of 123 condominium units. Daly's unit is located in a structure that houses six units under a single roof. All condominiums in River Oaks Place are subject to the Declaration of Covenants, Conditions, and Restrictions of River Oaks Place ("the Declaration"), which is administered by the River Oaks Place Council of Co–Owners ("the Association"). The Declaration specifically prohibits condominium owners from installing television-receiving antennas on "Common Elements" of the structure, which include, among other things, the roofs of the condominium units. After Daly installed a satellite dish on the roof of his unit and refused to remove it, the Association sued him for breach of contract and declaratory and injunctive relief. Daly counterclaimed for breach of contract and declaratory relief, contending that he could install the satellite dish on either his roof, chimney, patio, or a mast on his patio.

The case was tried before a jury, which considered only whether Daly could place the satellite dish on the roof. The trial court did not allow the jury to decide whether Daly could place the satellite dish on his chimney, patio, or a mast on his patio. The jury returned a verdict against Daly. The trial court rendered a judgment against Daly on the Association's claims, issued a permanent injunction against Daly, and ordered Daly to pay attorney's fees to the Association in the amount of $29,996.

On appeal to the First Court of Appeals, Daly argued that (1) the evidence was legally insufficient to prove that he was bound by the Declaration, (2) he was entitled to use the satellite dish on his condominium roof as a matter of law because the 1996 version of 47 C.F.R. § 1.4000(a)(1)

prohibited the Association from restricting use of the satellite dish, (3) the trial court erred by refusing to submit a jury question regarding his counterclaim for declaratory relief as to placement of the satellite on his patio or a mast on his patio, and (4) the trial court erred by awarding attorney's fees to the Association because attorney's fees were prohibited by the 1998 version of 47 C.F.R. § 1.4000(a)(3).

The First Court of Appeals issued an opinion, which it later withdrew on the Association's motion for rehearing. *See Daly v. River Oaks Place Council of Co–Owners,* No. 01–00–00894–CV, 2001 WL 893951, 2001 Tex.App. LEXIS 5423 (Houston [1st Dist.] August 9, 2001, no pet.) (substituted opinion on rehearing). The substance of the first opinion is unknown to this Court. The substituted opinion on rehearing overruled Daly's first, second, and fourth issues. *Id.* at *2–*19. The court sustained Daly's third issue and remanded the case to the trial court for further proceedings regarding Daly's counterclaim for declaratory relief as to placement of the satellite dish on the patio or a mast on the patio. *Id.* at *18–*19. In overruling Daly's fourth issue, the court specifically held that the 1998 version of 47 C.F.R. § 1.4000(a)(3) did not apply. *Id.* at *16. Although it overruled Daly's fourth issue, the court nevertheless vacated the award of attorney's fees, noting that Daly may yet prevail in this case. *Id.* at *18.

Subsequently, Daly filed a motion for rehearing, which the First Court of Appeals granted. *Daly v. River Oaks Place Council of Co–Owners,* 59 S.W.3d 416, 417 (Tex.App.-Houston [1st Dist.] 2001, no pet.). The court withdrew its substituted opinion and issued a second substituted opinion. *Id.* In its second substituted opinion, the court changed only its disposition of Daly's fourth issue, which it had previously overruled. *Id.* at 422–24. This

time, the court ruled in Daly's favor, holding that the 1998 version of 47 C.F.R. § 1.4000(a)(3) should apply to the case. *Id.* at 423. It concluded that the provisions of the 1998 version prevented the trial court from awarding attorney's fees unless the award was made conditional on Daly's unsuccessful exhaustion of all appellate remedies. *Id.* at 424. The court further concluded that, if Daly were to lose all appeals, an award of attorney's fees could be ordered only if Daly refused to comply with the Association's rules within 21 days of the exhaustion of all appellate remedies. *Id.* If Daly complied within the 21–day grace period, the Association could receive attorney's fees only if Daly's "claim" or position in the proceeding was found to be "frivolous." *Id.* The case was remanded for further consideration of Daly's counterclaim for declaratory relief and the determination of "any award of attorney's fees that may be appropriate." *Id.*

A second jury trial was held on remand, at which time, the jury was presented with evidence and arguments on whether Daly could place a satellite dish on his patio or a mast on his patio. Although Daly maintained in his pleadings that he could place the satellite dish on the chimney of his condominium unit, that question was not submitted to the jury in either trial. In the second trial, the jury was asked (1) whether Daly had exclusive use or control of the air space above his patio, (2) whether the Association's written request for detailed specifications for a proposed satellite dish on a pole on Daly's patio was necessary to accomplish a clearly-defined safety objective, and (3) whether Daly's claim that he was entitled to place a satellite dish on the common element roof was frivolous. In two additional questions, the jury was asked to determine reasonable and necessary attorney's fees for the Association and Daly.

The jury found that (1) Daly did not have exclusive use or control of the air space above his balcony, (2) the Association's written request for detailed specifications for a proposed satellite dish on a pole on Daly's patio was necessary to accomplish a clearly-defined safety objective, and (3) Daly's claim that he was entitled to place a satellite dish on the common element roof was frivolous. The jury also found specific amounts of reasonable and necessary attorney's fees for the Association and Daly.

Subsequently, Daly filed a motion to disregard the jury's findings and for judgment notwithstanding the verdict. The Association opposed Daly's motion and requested that the trial court take judicial notice of 47 C.F.R. § 1.4000 and a May 2001 fact sheet generated by the Federal Communications Commission. The trial court granted Daly's motion and disregarded the jury's findings on the frivolousness of Daly's roof claim and the amount of reasonable and necessary attorney's fees for the Association. The trial court denied the Association's request for judicial notice.

The trial court entered a final judgment under the declaratory judgment act, *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–37.011 (Vernon 1997 and Supp.2004–05), reciting the following findings regarding the rights, status, and legal relationship of the Association and Daly:

1. Daly is the owner of 1201 McDuffie # 198, Houston, Texas 77019;

2. Daly has exclusive use or control of the patio adjacent to unit # 198;

3. The airspace above the Patio Area, as defined in the Declaration of Covenants, Conditions and Restrictions of River Oaks Place dated March 19, 1979 ("Declaration") is not within the exclusive use or control of Daly;

---

**320**

4. The Association's written request for detailed specifications for a proposed satellite dish on a pole on Daly's patio was necessary to accomplish a clearly-defined safety objective.

The court did not award attorney's fees to either party. Both sides now appeal. For the reasons that follow, we affirm.[1]

## I. The Association's Appeal

The Association raises three issues: (1) the trial court erred by refusing to take judicial notice of 47 C.F.R. § 1.4000 and the FCC fact sheet dated May 2001, (2) the trial court erred by disregarding the jury's answers to questions three and four, and (3) the trial court erred by not awarding attorney's fees to the Association.

### A. Judicial Notice

In its first issue, the Association complains of the trial court's refusal to take judicial notice of 47 C.F.R. § 1.4000 and a FCC fact sheet dated May 2001, which, according to the Association, resulted in the misapplication of the law to facts of this case.[2] Essentially, the Association argues that the limitations on attorney's fees specified in 47 C.F.R. 1.4000(a)(3) do not apply if the challenged restriction prohibits activity in a common area of a condominium and not an area within the exclusive use or control of the antenna user. According to the Association, if the trial court had taken judicial notice of the regulation and the FCC fact sheet, it would have ruled that the Association could recover attorney's fees even in the absence of a finding of frivolousness.

■ Texas Rule of Evidence 202 provides that "[a] court ... upon the motion of a party *shall* ... take judicial notice of the regulations ... of every other state, territory, or jurisdiction of the United States." TEX.R. EVID. 202 (emphasis added). Rule 202 also states, "Judicial notice of such matters may be taken at any stage of the proceeding. The court's determination shall be subject to review as a ruling on a question of law." *Id.* There is no indication in the record that the Association failed to comply with the requirements of rule 202. We therefore hold that the trial court erred by failing to take judicial notice of 47 C.F.R. § 1.4000. We take judicial notice of it now, recognizing that the First Court of Appeals also did so during the first appeal of this case. *See Daly*, 59 S.W.3d at 422–24.

The regulation states that it applies to "any restriction ... on property within the exclusive use or control of the antenna user where the user has a direct or indirect ownership or leasehold interest in the property that impairs the installation, maintenance, or use of [certain specified antennas]...." 47 C.F.R. § 1.4000(a)(1). The scope of the regulation is thus limited to restrictions affecting "property within the exclusive use or control of the antenna user." *Id.*

■ Although the regulation does not apply to restrictions affecting property outside the exclusive use or control of the

---

1. Throughout the remainder of this opinion, we apply and refer to only the current version of 47 C.F.R. § 1.4000 (effective May 25, 2001), which the First Court of Appeals applied after explaining that it is "substantially the same" as the 1996 version. *See Daly v. River Oaks Place Council of Co–Owners*, 59 S.W.3d 416, 422 n. 10 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

2. The FCC fact sheet provides "general answers to questions that might arise about the implementation of the rule," also known as the "over-the-air reception devices rule," which is created by 47 C.F.R. § 1.4000. The fact sheet "is not the rule itself."

antenna user, such as the roof of Daly's condominium, the regulation's limitation on the availability of attorney's fees is not necessarily inapplicable. *See Daly*, 59 S.W.3d at 422–24. The regulation states

No attorney's fees shall be collected or assessed and no fine or other penalties shall accrue against an antenna user while a proceeding is pending to determine the validity of any restriction. If a ruling is issued adverse to a user, the user shall be granted at least a 21–day grace period in which to comply with the adverse ruling; and neither a fine nor a penalty may be collected from the user if the user complies with the adverse ruling during this grace period, unless the proponent of the restriction demonstrates, in the same proceeding which resulted in the adverse ruling, that the user's claim in the proceeding was frivolous.

47 C.F.R. § 1.4000(a)(3). As the First Court of Appeals explained, the regulation "limits the assessment and collection of attorney's fees in a proceeding to determine the validity of a restriction, . . . even if the restriction is valid. . . ." *Daly*, 59 S.W.3d at 424. Thus, even though the Association's restriction on roof antennas was not invalidated, the regulation's limitation on the availability of attorney's fees still applies. *See id.* We therefore cannot conclude that the trial court's failure to take judicial notice of the regulation probably led to the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a).

In our estimation, the judgment would also be no different if the trial court had taken judicial notice of the FCC fact sheet dated May 2001. Although we are uncertain that the fact sheet should have been given judicial notice under either rule 201 or rule 202, there is no indication in the fact sheet that the FCC intended for the regulation's limitation on the availability of

attorney's fees to apply only when a restriction is held invalid. *See* TEX.R. EVID. 201, 202. The fact sheet does not discuss the attorney's fees provision in any respect. We therefore have no basis to conclude that the trial court's error, if any, in refusing to take judicial notice of the fact sheet probably led to the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a).

For the foregoing reasons, we overrule the Association's first issue on appeal.

### B. Motion to Disregard

▆▆▆ In its second issue, the Association contends that the trial court erred by granting Daly's motion to disregard the jury's answers to questions three and four. A trial court may disregard a jury's answer to a question in the charge only when the answer has no support in evidence or the question is immaterial. *Zapalac v. Cain*, 39 S.W.3d 414, 417 (Tex.App.-Houston [1st Dist.] 2001, no pet.). In determining whether "the answer has no support in evidence," the record is reviewed in the light most favorable to the finding, considering only the evidence and inferences that support the finding and rejecting the evidence and inferences contrary to the finding. *Tex. Animal Health Comm'n v. Garza*, 27 S.W.3d 54, 62 (Tex.App.-San Antonio 2000, pet. denied). If there is more than a scintilla of competent evidence to support the jury's finding, then the trial court's decision is reversed and the finding is reinstated. *See id.* A question is immaterial when it should not have been submitted, or when it was properly submitted but has been rendered immaterial by other findings. *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994).

#### 1. Question Three: Frivolousness of Claim

Question three of the jury charge asked the jury whether "Daly's claim that he was

entitled to place a DSS Satellite Dish on the Common Element roof was frivolous." The charge explained that "[f]rivolous means both groundless and brought in bad faith. Groundless means having no basis in law and not warranted by good faith argument." The charge did not define bad faith. The jury returned a finding against Daly on question three. Subsequently, Daly filed a motion to disregard the finding, arguing that his claim was not frivolous because the issue was "novel" and his claim merely sought to extend the FCC's opinion in *In re Lourie*, 13 F.C.C.R. 16,-760, 1998 WL 317863 (F.C.C. June 16, 1998). Daly also argued that question three was improper because the issue of frivolousness had been finally decided by the court of appeals' decision following the first appeal of this case.

As a preliminary matter, Daly is incorrect in his assertion that the issue of frivolousness was finally decided by the court of appeals in the first appeal of this case. *See Daly*, 59 S.W.3d at 416. In that opinion, the court specifically remanded the matter to allow the trial court to conduct proceedings regarding the frivolousness of Daly's claim that he could place the satellite dish on his roof. *Id.* at 424. Nowhere in the decision did the court express any opinion on the merits of the issue or purport to rule on it with finality. Therefore, we conclude that the trial court did not err by submitting the question.

 Nevertheless, we are compelled to overrule the Association's issue as it pertains to question three because the Association has wholly failed to identify any evidence regarding Daly's bad faith. As defined by the jury charge, "[f]rivolous means both groundless and brought in bad faith." In both its appellate brief and its response to Daly's motion to disregard the jury's findings, the Association discussed evidence and made arguments to establish the groundlessness of Daly's claim. Even if we were to agree that Daly's claim was groundless, that conclusion would not necessarily mean that Daly acted in bad faith. Groundlessness and bad faith are not synonymous under Texas law. Groundlessness turns on the legal merits of a claim, whereas bad faith turns on a party's motives for asserting a claim. *See Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex.1989) (defining "groundlessness"); *Falk & Mayfield L.L.P. v. Molzan*, 974 S.W.2d 821, 828 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) (defining "bad faith"). Admittedly, this Court is unaware of any reported case from any jurisdiction discussing the meaning of "frivolous" as the term is used in 47 C.F.R. § 1.4000(a)(1). The parties have not cited any such cases. In other contexts, courts of this state have held that "bad faith" exists if a party consciously commits a wrong for "dishonest, discriminatory, or malicious purposes." *Campos v. Ysleta Gen. Hosp.*, 879 S.W.2d 67, 71 (Tex. App.-El Paso 1994, writ denied); *Elbaor v. Sanderson*, 817 S.W.2d 826, 829 (Tex.App.-Fort Worth 1991, no writ). Claims are considered groundless if they have "[n]o basis in law or fact and [are] not warranted by good faith argument for the extension, modification, or reversal of existing law." *Donwerth*, 775 S.W.2d at 637. Neither party to this appeal has taken issue with the meaning of "frivolous" as it is defined in question three. The definition suggests that groundlessness and bad faith are different, as it requires both groundlessness and bad faith to establish frivolousness. Because neither party contends that this Court should apply a definition of bad faith that is different than the meaning given to the term by Texas courts, we apply the definition of bad faith used by Texas courts. *See Campos*, 879 S.W.2d at 71. We conclude that there is no evidence in the record that Daly asserted his claim

for dishonest, discriminatory, or malicious purposes. Accordingly, the trial court did not err by disregarding the jury's answer to question three.

### 2. Question Four: Amount of Reasonable and Necessary Attorney's Fees

■ The Association also complains that the trial court erroneously disregarded the jury's answer to question four, which asked about the Association's reasonable and necessary attorney's fees for "this case." We have already determined that the trial court properly disregarded question three on frivolousness. Because Daly's claim that he could put a satellite dish on his roof was not found to be frivolous, the Association could not recover attorney's fees related to that claim. *See Daly*, 59 S.W.3d at 424.

Question four appears to ask the jury only about the Association's reasonable and necessary attorney's fees for the second jury trial, as it uses the language for "this case." As discussed above, the issues tried in the second jury trial were limited to (1) whether Daly could place a satellite dish on his patio or a mast on his patio and (2) whether Daly's claim in the previous trial that he could place a satellite dish on his roof was frivolous. The jury was never asked to determine whether Daly's claim in the second trial (i.e., that he could place a satellite dish on his patio or a mast on his patio) was frivolous. There is no indication in the record or the briefs that the Association requested such a jury question or that it ever objected to the absence of such a question. On appeal, the Association has not argued any error related to the absence of the question.

In the first appeal of this case, the First Court of Appeals held that 47 C.F.R. § 1.4000(a)(3) barred any award of attorney's fees against Daly unless the award was made conditional on Daly's unsuccessful exhaustion of all appellate remedies. *See Daly*, 59 S.W.3d at 424. The court further concluded that, if Daly were to lose all appeals, an award of attorney's fees could be ordered only if Daly refused to comply with the Association's rules within 21 days of the exhaustion of all appellate remedies. *Id.* If Daly complied within the 21–day grace period, the Association could receive attorney's fees only if Daly's "claim" or position in the proceeding was found to be "frivolous." *Id.*

The evidence adduced at trial shows that Daly never installed the satellite dish on his patio or a pole on his patio and was thus never in violation of any restriction on placing a satellite dish in those locations. Under these facts and the First Court of Appeals' prior decision in this case, the Association could recover attorney's fees only if Daly's claim was found to be frivolous. *See id.; Kahn v. Seely*, 37 S.W.3d 86, 88 (Tex.App.-Austin 2000, no pet.) (explaining that under the law of the case doctrine, "questions of law decided on appeal ... will govern the case throughout its subsequent stages."). Because that question was never submitted to the jury and because the trial court made no findings on the issue, no basis was established for awarding the Association attorney's fees on Daly's claims in the second trial.

In sum, the Association was completely barred from recovering attorney's fees because none of Daly's claims were found to be frivolous. Therefore, the trial court did not err by disregarding the jury's answer to question four, which asked the jury to determine the Association's reasonable and necessary attorney's fees.

Accordingly, the Association's second issue is overruled.

### C. Award of Attorney's Fees

In its third issue, the Association argues that the trial court erred by failing to

award it reasonable and necessary attorney's fees in the second trial. The Association points out that Daly was actually the plaintiff in the second trial, a consideration, which, according to the Association, renders inapposite the First Court of Appeals' decision in the first appeal of this case. Although we agree that the second trial covered claims asserted by Daly as cross-plaintiff, we do not agree that the First Court of Appeals' decision is therefore inapplicable. Under the First Court of Appeals' decision, it does not matter which party challenges a restriction under 47 C.F.R. § 1.4000(a)(3). *See Daly*, 59 S.W.3d at 424; *Kahn*, 37 S.W.3d at 88 (regarding law of the case doctrine). Accordingly, the Association still had the burden of establishing that Daly's claims were frivolous. No such finding was made during the second trial. The trial court therefore did not err by refusing to award attorney's fees. The Association's third issue is overruled.

## II. Daly's Appeal

Daly raises three issues: (1) the trial court abused its discretion by submitting jury question one because it was outside the mandate of the appellate court, (2) the trial court abused its discretion by submitting jury question two because it was incomplete, and (3) the trial court erred by refusing to award attorney's fees in favor of Daly.

### A. Question One: Exclusive Use or Control of the Air Space above the Patio

■ Question one asked the jury whether Daly had exclusive use or control of the air space above his patio. On appeal, Daly argues that the trial court erred by submitting question one because it fell outside the mandate of the First Court of Appeals, which remanded the cause "for

further proceedings only on appellant Richard D. Daly's counterclaim for declaratory relief ... and, if appropriate, for further proceedings on attorney's fees...." Daly argues that the only issue raised by his counterclaim was whether he had exclusive use or control of the patio. Thus, according to Daly, the trial court abused its discretion by submitting question one regarding the air space above the patio, as that issue fell outside the mandate of the First Court of Appeals. *See Kahn*, 37 S.W.3d at 88 ("When a case is remanded to the district court with instructions, that court's authority is limited to trying only those issues specified in the appellate court mandate."). We disagree.

Daly's counterclaim for declaratory relief asserted that he could place a satellite dish not only on the patio but also on a mast on the patio. Question one related to the portion of Daly's counterclaim regarding placement of a satellite dish on a mast on the patio. On appeal following the first trial of this case, the First Court of Appeals explained that the federal regulation did not prevent the Association from restricting Daly's placement of a satellite dish in areas outside Daly's exclusive use or control. *See Daly*, 59 S.W.3d at 420. Thus, if Daly did not have exclusive use or control of the air space above his patio, the federal regulation would not prevent the Association from restricting Daly's placement of a satellite dish on a mast on his patio. *See id.* Question one did not exceed the mandate of the court of appeals, as it was necessary to determine whether Daly could be prevented from placing a satellite dish on a mast on his patio.

■ Daly also contends that, even if question one did not exceed the scope of the mandate, the trial court nevertheless erred by submitting it because the federal regulation specifically prohibits restrictions on placing satellites on masts located

on property within an antenna user's exclusive use or control. According to Daly, the Association could not restrict his placement of a satellite on a mast on his patio because his patio was within his exclusive use or control. We disagree.

The applicable federal regulation prohibits restrictions on the placement of antennas in areas within the exclusive use or control of the antenna user. *See* 47 C.F.R. § 1.4000. If Daly did not have exclusive use or control of the air space above the patio, the federal regulation would not prevent the Association from prohibiting Daly's installation of a satellite on a mast on his patio. *See Daly*, 59 S.W.3d at 420 (explaining that the regulation does not apply to common areas). We therefore conclude that the trial court did not err in submitting question one. Daly's first issue is overruled.

### B. Question Two: A Clearly-Defined Safety Objective

■ Daly also complains of the trial court's submission of question two, which asked whether the Association's written request for detailed specifications for a proposed satellite dish on a pole on Daly's patio was necessary to accomplish a clearly-defined safety objective. As the First Court of Appeals explained in its opinion following the first appeal of this case, question two would be relevant only if the Association did not prevail on the issue of exclusive use or control versus common area. *See id.* at 421–22. Because the Association prevailed on that issue with regard to the air space above the patio, the inclusion of question two did not affect the judgment in this case. Daly lost his patio-mast claim based on the jury's answer to question one. Question two would have become relevant only if Daly had prevailed on question one, which he did not. *See id.* Accordingly, we cannot conclude that the

inclusion of question two, even if erroneous, probably led to the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a). Daly's second issue is overruled.

### C. Attorney's Fees

■ In his third issue, Daly argues that he was the prevailing party in the second trial and that the trial court therefore erred by failing to award attorney's fees in his favor. We disagree. The declaratory judgment act does not require an award of attorney fees to the prevailing party. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998). Rather, it provides that the court "may" award attorney fees. *Id.* (quoting TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997)). The statute thus affords the trial court a measure of discretion in deciding whether to award attorney fees. *Id.* Daly has not recognized this discretion or established how the trial court's refusal was an abuse of discretion. Accordingly, we cannot conclude that the trial court abused its discretion under the declaratory judgment act.

■ Daly also contends that he was entitled to attorney's fees as the prevailing party under the Texas Condominium Act. *See* TEX. PROP.CODE ANN. § 82.161(b) (Vernon 1995). In relevant part, the condominium act provides, "The prevailing party in an action to enforce the declaration, bylaws, or rules is entitled to reasonable attorney's fees and costs of litigation from the nonprevailing party." *Id.* Again, we disagree with Daly's contention.

Daly was not a prevailing party under the condominium act. His action for declaratory relief did not seek to enforce the Declaration; it sought to invalidate the portion of the Declaration prohibiting him from installing a satellite dish. Daly's counterclaim for declaratory relief asserted that he could place a satellite dish on his patio or on a mast on his patio. The

only portion of the counterclaim that Daly arguably prevailed on is placement of a satellite dish on his patio. Even with this claim, though, the final judgment of the trial court does not state that Daly can place a satellite dish on his patio. The judgment merely states that the patio is within Daly's exclusive use or control, which is not the relief requested in Daly's counterclaim. Daly specifically asked for "a judicial declaration that Richard D. Daly is entitled to install a satellite dish ... on the patio or on a mast on the patio...." Based on the trial court's finding that the patio was within Daly's exclusive use or control, a court could conclude that the federal regulation applies to any restriction applicable to the patio, but the trial court did not make that conclusion. In fact, the trial court did not make any conclusions of law in its final judgment. The trial court simply stated that the patio was within Daly's exclusive use or control and that the air space above the patio was not. The trial court's final judgment did not invalidate any portion of the Declaration, nor did it give Daly a judgment stating that he could place the satellite in any location, including the patio. Accordingly, Daly is not a prevailing party under the condominium act and the trial court did not err by refusing to award attorney's fees to Daly. Daly's third issue is overruled.

### III. Conclusion

For the foregoing reasons, all issues raised on appeal are overruled and the judgment of the trial court is affirmed.