SMITH V. DUNCAN 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-334-CV

DEE ANN SMITH APPELLANT

V.

DUNCAN LAND & EXPLORATION, INC. APPELLEES

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Dee Ann Smith appeals from a final judgment awarding appellee Duncan Land & Exploration, Inc. $3,000 in attorney’s fees, plus court costs, on its counterclaim for breach of contract.  In three issues, appellant contends that the trial court abused its discretion by holding a trial on the counterclaim instead of compelling arbitration on it, that the trial court erred by awarding appellee $3,000 in attorney’s fees as a sanction, and that the award of attorney’s fees was not equitable and just as a matter of law.  We affirm.

Factual and Procedural Background

Appellee hired appellant to perform legal services in a suit by appellee against Robert Blay.  Appellant and Brian Duncan, as appellee’s President, signed an engagement letter dated February 14, 2003 setting forth the terms of appellant’s representation of appellee.  The following provision is included on the last page of the letter:

If a party to this agreement has a dispute or claim against the other party or anyone employed under this agreement and the dispute or claim arises out of, is related to, or concerns any aspect of this agreement or services performed or not performed under this agreement, all such disputes or claims shall be submitted to 
binding arbitration
.  Any such arbitration shall be held in Wichita Falls, Texas, and no legal proceedings may be instituted except to enforce the award of the arbitrator or to preserve the jurisdiction of any court with existing jurisdiction of any of the parties, whether related or not to this agreement.

Appellant prepared the letter agreement. 

During the course of the suit, appellee hired another attorney and eventually refused to pay appellant fees and expenses that she claimed appellee owed her.  On January 21, 2004, appellant intervened in appellee’s suit against Blay, asking that the trial court award her $7,725.25 in reasonable attorney’s fees and expenses for legal services she had rendered in the Blay suit.   Appellee filed a counterclaim for breach of contract, claiming that appellant breached her own letter agreement by filing a petition in intervention rather than an application for arbitration.  Appellee asked the trial court to award breach of contract damages of $6,725.25, sanctions of $6,725.25 for appellant’s frivolous pleading, reasonable and necessary attorney’s fees of $3,000, and costs of court. 

The trial court held a hearing on March 22, 2004.  Appellant called in sick and did not appear.  The trial court abated appellant’s petition in intervention and ordered that “any dispute between Brian Duncan and [appellant] regarding Attorney Fees in this cause of action should be sent to arbitration as a final decision.”
(footnote: 2)  The trial court also set a hearing on appellee’s counterclaim for damages, sanctions, and attorney’s fees.  

On June 4, 2004, the trial court held a hearing on appellee’s counterclaim.  The trial court took the matter under advisement and on March 14, 2005, sent the parties a letter stating that “[a]fter due consideration, the court is of the opinion that [appellant] should not have filed an action for fees without first seeking a resolution with Mr. Duncan, either through negotiation or arbitration as set forth in the fee contract prepared by [appellant].” 

On July 11, 2005, appellant filed an “Objection to Proposed Judgment And Motion For Partial Rehearing Relating to Intervention.”  In the motion for rehearing section, she contended for the first time that appellee’s counterclaim should also have been ordered to arbitration.  There is no response in the record.  The trial court denied appellant’s objection to the proposed judgment and denied the motion for partial rehearing on August 24, 2005.  On August 25, 2005, the trial court signed an order awarding appellee $3,000 in attorney’s fees on its counterclaim against appellant.  Appellant filed a notice of appeal appealing this order on September 15, 2005. 

The parties arbitrated the fee dispute in October 2005.  The arbitrator awarded appellant $4,625.25, after offsetting the trial court’s $3,000 attorney’s fees award on appellant’s counterclaim.  Appellant filed an application to confirm the arbitration award on November 16, 2005, along with a “First Amended Answer to Counterclaim and Counter-Motion for Sanctions.”  On November 22, 2005, the trial court signed a final judgment confirming the arbitrator’s award and severing the counterclaim, thus making its August 25, 2005 order final. 

Analysis

Arbitration of Counterclaim

In her first issue, appellant contends that the trial court abused its discretion by retaining jurisdiction of appellee’s counterclaim, rather than ordering it to arbitration.  Appellant claims that the counterclaim was arbitrable because “it was interwoven with the contract so that it could not stand alone” and that she did not waive her right to arbitrate the counterclaim. 

Scope of Arbitration Agreement

A party seeking to compel arbitration must first prove that an arbitration agreement exists and that the claims asserted fall within the scope of the agreement.  
In re Oakwood Mobile Homes, Inc.
, 987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding), 
abrogated in part on other grounds by In re Halliburton Co.
, 80 S.W.3d 566 (Tex. 2002) (orig. proceeding); 
In re Southwind Group, Inc.
, 188 S.W.3d 730, 735 (Tex. App.—Eastland 2006, orig. proceeding).  Any doubts regarding the existence or scope of an agreement are resolved in favor of arbitration.  
In re FirstMerit Bank, N.A.
, 52 S.W.3d 749, 753 (Tex. 2001).

The arbitration agreement in the letter agreement applies to a “dispute or claim [that] arises out of, is related to, or concerns any aspect of [the] agreement.”  This type of language is construed broadly. 
 In re Conseco Fin. Serv. Corp.
, 19 S.W.3d 562, 568 (Tex. App.—Waco 2000, orig. proceeding).  It encompasses all claims at issue unless “it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.” 
 Prudential Secs. Inc. v. Marshall
, 909 S.W.2d 896, 899 (Tex. 1995) (orig. proceeding).

Here, appellee’s counterclaim for breach of contract is based directly on and “arises out of” the letter agreement; appellee contends that appellant breached the arbitration provision by filing a suit in intervention rather than an application to arbitrate.  Thus, appellee’s breach of contract claim falls within the scope of the arbitration agreement. 
 See Pepe Int’l Dev. Co. v. Garcia
, 915 S.W.2d 925, 931 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding).  

If a party seeking arbitration carries its initial burden, the burden shifts to the party resisting arbitration to present evidence on its defenses to the arbitration agreement.  
Southwind Group, Inc.
, 188 S.W.3d at 735.  We cannot determine from the record that appellee asserted any defenses to appellant’s claim on rehearing of the counterclaim that it was subject to arbitration; however, appellant asserted in that motion that she had not waived her right to arbitrate the counterclaim.  Thus, we will determine whether appellant waived the right to arbitrate the counterclaim.
(footnote: 3)
 Waiver

Whether a party has waived its right to arbitrate presents a question of law that we review de novo.  
Oakwood Mobile Homes, Inc.
, 987 S.W.2d at 574; 
Southwind Group, Inc.
, 188 S.W.3d at 735.  Because public policy favors arbitration, there is a strong presumption against finding that a party has waived its right to arbitration; the burden to prove waiver is thus a heavy one.  
In re Bruce Terminix Co.
, 988 S.W.2d 702, 704-05 (Tex. 1998) (orig. proceeding); 
EZ Pawn Corp. v. Mancias
, 934 S.W.2d 87, 89 (Tex. 1996) (orig. proceeding); 
Southwind Group, Inc.
, 188 S.W.3d at 735.  Any doubts regarding waiver are resolved in favor of arbitration.  
Bruce Terminix Co.
, 988 S.W.2d at 705; 
Southwind Group, Inc.
, 188 S.W.3d at 735.

Waiver may be express or implied, but it must be intentional.  
EZ Pawn Corp.
, 934 S.W.2d at 89; 
Southwind Group, Inc.
, 188 S.W.3d at 735.  Whether waiver occurs depends on the individual facts and circumstances of each case.  
Southwind Group, Inc.
, 188 S.W.3d at 735; 
Williams Indus., Inc. v. Earth Dev. Sys. Corp.
, 110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  A party does not waive arbitration merely by delay; instead, the party urging waiver must establish that any delay resulted in prejudice.  
Prudential Secs. Inc.
, 909 S.W.2d at 898; 
Southwind Group, Inc.
, 188 S.W.3d at 735.  A court may find waiver only when (1) the party seeking arbitration has substantially invoked the judicial process and (2) the party opposing arbitration suffers actual prejudice as a result.  
Bruce Terminix Co.
, 988 S.W.2d at 704; 
Southwind Group, Inc.
, 188 S.W.3d at 735.

Courts will not find that a party has waived its right to enforce an arbitration clause by merely taking part in litigation unless it has substantially invoked the judicial process to its opponent’s detriment.  
Bruce Terminix Co.
, 988 S.W.2d at 704; 
Southwind Group, Inc.
, 188 S.W.3d at 736.  Substantially invoking the judicial process may occur when the party seeking arbitration actively tried, but failed, to achieve a satisfactory result in litigation before turning to arbitration.  
Southwind Group, Inc.
, 188 S.W.3d at 736; 
Williams Indus., Inc.
, 110 S.W.3d at 135.

Here, appellant not only waited almost a year and a half after the counterclaim was filed to request arbitration of the counterclaim, she actually participated in a hearing on the merits of the counterclaim without objection.  Only after the trial court rendered a damage judgment against her did she assert her right to arbitration, a little over a year after the hearing on the merits.  By the time appellant finally requested arbitration of the counterclaim, appellee and appellee’s counsel had already prepared for, attended, and incurred expenses in connection with a trial on the merits on the counterclaim, and appellee had received a favorable ruling from the trial court on its counterclaim.  
See Marble Slab Creamery, Inc. v. Wesic, Inc.
, 823 S.W.2d 436, 439 (Tex. App.—Houston [14th Dist.] 1992, no writ) (holding that appellate court may presume trial court took judicial notice of its own record and that trial court record in that case supported prejudice element).  Under these circumstances, we hold that appellant substantially invoked the litigation process to appellee’s detriment and, thus, waived her right to arbitrate the counterclaim.  
See Frye v. Paine, Webber, Jackson & Curtis, Inc
., 877 F.2d 396, 398 (5th Cir. 1989) (party waived arbitration by participating in trial that ended in mistrial),
 cert. denied
, 494 U.S. 1016 (1990); 
Miller Brewing Co. v. Fort Worth Distrib. Co.
, 781 F.2d 494, 497-98 (5th Cir. 1986) (party waived arbitration by filing multiple lawsuits);
(footnote: 4) 
see also In re Serv. Corp. Int’l
, 85 S.W.3d 171, 175 (Tex. 2002) (orig. proceeding) (“The Fifth Circuit has held that ‘a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate.’”); 
cf. Sedillo v. Campbell
, 5 S.W.3d 824, 826-29 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that defendant substantially invoked litigation process by filing bankruptcy petition in bad faith after being sued, then filing counterclaim against plaintiff when bankruptcy stay was lifted).  Because appellant waived her right to arbitrate the counterclaim, the trial court did not abuse its discretion by declining to order that the counterclaim be arbitrated.  We overrule appellant’s first issue.

Attorney’s Fees Award

In her second issue, appellant contends that the trial court erred by awarding appellee $3,000 “as sanctions for attorney fees.” 

Appellee’s counterclaim alleged that appellant breached the letter agreement and pled for $6,725.25 in sanctions, plus $3,000 in attorney’s fees “for defending [appellant’s] frivolous [b]reach of [c]ontract [l]awsuit.”  In addition, it also requested $6,725.25 “for frivolous pleading” and reasonable and necessary attorney’s fees of $3,000 under rules of civil procedure 13 and 215 and under section 38.001(8) of the civil practice and remedies code.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 38.001(8) (Vernon 1997); 
Tex. R. Civ. P.
 13, 215
.

The trial court’s March 14 letter ruling stated that it was awarding “attorney fees of $3,000.00 for bringing the action to enforce/abate together with court costs incurred in bringing that action.”  In its later signed judgment, the trial court found that appellant breached the letter agreement with appellee by filing suit instead of an application for arbitration and ordered that appellee “recover from [appellant] $3000.00 in [a]ttorney fees for bringing [the] action [i.e., the counterclaim], together with [c]ourt costs incurred in bringing the action.”  Appellant contends that the trial court’s award was not proper under either rules 13 or 215 or section 38.001(8).
(footnote: 5)
 Rule 13 provides in pertinent part as follows:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper;  that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . .  If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanctions [sic] available under Rule 215-2b, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith.  No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order.  “Groundless” for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.

Tex. R. Civ. P.
 13.  A trial court may award a party its attorney’s fees as a sanction under rules 13 and 215.2(b)(8).  
Tex. R. Civ. P.
 13, 215.2(b)(8); 
Falk & Mayfield L.L.P. v. Molzan
, 974 S.W.2d 821, 823 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

We review a trial court’s determination to impose sanctions under an abuse of discretion standard.  
GTE Commc'ns Sys. Corp. v. Tanner
, 856 S.W.2d 725, 730-32 (Tex. 1993) (orig. proceeding); 
In re A.S.M.
, 172 S.W.3d 710, 717 (Tex. App.—Fort Worth 2005, no pet.).  To determine whether the trial court abused its discretion, we examine whether it acted without reference to any guiding rules or principles.  
Downer v. Aquamarine Operators, Inc
., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986); 
A.S.M.
, 172 S.W.3d at 717.  We should overturn a trial court’s conclusion only if it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.  
A.S.M.
, 172 S.W.3d at 717; 
Ball v. Rao
, 48 S.W.3d 332, 338 (Tex. App.—Fort Worth 2001, pet. denied).  There is no abuse of discretion if some evidence of substantive and probative character supports the trial court’s decision or if the evidence is conflicting.  
A.S.M.
, 172 S.W.3d at 717; 
Prevost v. Ins. Advisors of Tex., Inc.
, 46 S.W.3d 289, 292 (Tex. App.—Fort Worth 2001, pet. denied).

Appellant first contends that instituting the suit in intervention was not inconsistent with her right to arbitrate the claim.  But in her petition in intervention, appellant did not call the arbitration provision to the trial court’s attention, nor did she ask that her claims be arbitrated.  Instead, appellant asked that the trial court award $7,725.25, attorney’s fees under section 38.001 of the civil practice and remedies code and rule 13, and prejudgment and postjudgment interest.  Furthermore, at the June 4, 2004 hearing on appellee’s counterclaim, appellant argued that 
appellee
 had waived the right to arbitrate the fee dispute.  We believe that these actions are inconsistent with appellant’s right to arbitrate.

Appellant also complains that she did not receive an evidentiary hearing on appellee’s counterclaim.  Rule 13 requires that the trial court provide notice and hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person filing the groundless pleading.  
Alejandro v. Robstown ISD
, 131 S.W.3d 663, 669 (Tex. App.—Corpus Christi 2004, no pet.); 
N.Y. Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.
, 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no writ).  Without such a hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass.  
Alejandro
, 131 S.W.3d at 669; 
N.Y. Underwriters Ins. Co.
, 856 S.W.2d at 205.

At the June 4 hearing, the trial court allowed both appellant and appellee’s counsel to argue.  The trial court allowed appellant to fully explain why she filed the petition in intervention instead of an application for arbitration.  At one point, when appellant was explaining how the fee dispute started, appellee’s counsel objected:  “I’m going to object to further 
testimony
 on that part because that’s not a part of this.”  [Emphasis added.]  Although neither the trial court nor the parties explicitly stated that appellant’s arguments were being considered as evidence, and although appellant was not sworn in, it appears that the trial court gave appellant ample opportunity to explain her motives for filing the petition in intervention.  Moreover, appellant did not object to the lack of an evidentiary hearing on June 4, 2004; she waited until late June 2005—over a year after the June 4 hearing and over three months after the trial court had announced its intention to award appellee $3,000—to object.  
See
 
Tex. R. App. P.
 33.1(a)(1) (requiring that objection be timely); 
Appleton v. Appleton
, 76 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding that appellant waived complaint about form of sanctions order because no timely objection).

Appellant further argues that her conduct did not justify sanctions because it is unclear whether the arbitration clause in the letter agreement is enforceable.  She cites to the split of authority among the courts of appeals as to whether an arbitration agreement in an engagement letter between an attorney and client is enforceable in an action against the attorney for legal malpractice.
(footnote: 6)  These cases are based on section 171.002(c) of the civil practice and remedies code, which provides that a personal injury claim is arbitrable under the TGAA only if “each party to the claim, on the advice of counsel, agrees in writing to arbitrate . . . and . . . the agreement is signed by each party and each party’s attorney.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.002(c) (Vernon 2005).  But appellant intervened in appellee’s suit against Blay on breach of contract and quantum meruit theories to recover attorney’s fees; she did not assert a personal injury claim.  In addition, appellee’s counterclaim was for breach of contract, not legal malpractice.  Thus, the cases cited in note 6 are not applicable to this dispute, and the arbitration clause in the letter agreement could not be rendered unenforceable by that authority.

Appellant generally argues that the record does not support the conclusion that the petition in intervention was groundless.  Groundlessness turns on the legal merits of a claim.  
Donwerth v. Preston II Chrysler-Dodge, Inc
., 775 S.W.2d 634, 637 (Tex. 1989) (defining “groundlessness”); 
River Oaks Place Council of Co-Owners v. Daly
, 172 S.W.3d 314, 322 (Tex. App.—Corpus Christi 2005, no pet.).   To determine if a pleading, motion, or paper was groundless, the court objectively inquires as to whether the party and counsel made a reasonable inquiry into the legal and factual basis of the claim at the time the suit was filed.  
In re United Servs. Auto Ass'n
, 76 S.W.3d 112, 116 (Tex. App.—San Antonio 2002, orig. proceeding).

The trial court found that appellant prepared the letter agreement, that she “should not have filed an action for [a]ttorney [f]ees by [b]reach of [c]ontract without seeking resolution . . . by final arbitration as set forth in the” letter agreement, and that appellant “had no legal basis to file a [b]reach of [c]ontract intervention which was a violation of the [letter agreement] she prepared.”  Appellant emphasizes that she filed the intervention because appellee’s new attorney told her that the only way she would be paid was if the judge ordered it out of Blay’s pocket.
(footnote: 7)  But the evidence shows that appellant wrote the letter agreement containing the arbitration clause, that the arbitration clause specifically provided that no legal proceedings would be instituted other than arbitration, and that appellant was aware of the inclusion of the arbitration clause.  There is no evidence that appellee would have refused to arbitrate or had somehow waived that right.  The evidence shows that appellant failed to follow her own agreement by filing the suit in intervention rather than an application to arbitrate; thus, we conclude and hold that the trial court did not abuse its discretion in determining that the suit was groundless, i.e., without any legal basis.

Appellant also generally contends that the trial court’s implicit finding
(footnote: 8) that she filed the petition in intervention in bad faith or for purposes of harassment constitutes an abuse of discretion.  Bad faith turns on a party’s motives for asserting a claim.  
River Oaks Place
, 172 S.W.3d at 322.  Bad faith does not exist when a party merely exercises bad judgment or is negligent; rather, “it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes.”  
Appleton
, 76 S.W.3d at 86-87 (quoting 
Mattly v. Spiegel, Inc
., 19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2000, no pet.)).  The party moving for sanctions bears the burden of overcoming rule 13’s presumption that a pleading was filed in good faith.  
State v. PR Invs. & Specialty Retailers, Inc
., 180 S.W.3d 654, 670 (Tex. App.—Houston [14th Dist.] 2005, pet. filed); 
Elkins v. Stotts-Brown
, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.).  “[T]he requirement that the suit be brought ‘for purposes of harassment’ must mean it was brought for the sole purpose of harassment.”  
Donwerth
, 775 S.W.2d at 638.

When determining whether rule 13 sanctions are warranted, a court may consider the entire history of the case.  
Falk & Mayfield, L.L.P.
, 974 S.W.2d at 825.  Here, the trial court was aware of the circumstances of the case:  appellant drafted a letter agreement that precluded the institution of any legal proceedings other than arbitration; appellant and appellee got into a dispute over appellant’s fees;
(footnote: 9) appellant had some apparently heated discussions with appellee’s new attorney regarding payment of those fees, during which appellee’s counsel told appellant that she would not recover any past due attorney’s fees unless the trial court awarded them to her; and after those discussions, appellant violated her own letter agreement with appellee by intervening in appellee’s suit against Blay and failing to request arbitration of her claims.  Under these circumstances, we cannot conclude that the trial court abused its discretion by finding that appellant’s suit in intervention was brought in bad faith or for the purpose of harassment.
(footnote: 10)  
See A.S.M.
, 172 S.W.3d at 717-18.  We overrule appellant’s second issue.

In her third issue, appellant argues that the attorney’s fees award was not equitable and just as a matter of law.  Specifically, appellant contends that the trial court did not find that appellee was prejudiced by her filing of the suit in intervention or that appellant waived her right to arbitration.  She also claims that her conduct was not sanctionable as a matter of law.  Because we have already addressed and overruled these arguments in appellant’s first and second issues, we overrule her third issue.

Court Costs

Although appellant’s issues only address the trial court’s attorney’s fees award, in her prayer for relief, she asks that we “render judgment that Kees [sic] take nothing by way of litigation expenses 
or costs
.”  [Emphasis added.]   Additionally, appellant’s second and third issues can be liberally read to include a challenge to the court costs awarded to appellee.  Thus, out of an abundance of caution, we will address whether the trial court abused its discretion by awarding appellee court costs on its counterclaim.  
See
 
Tex. R. App. P.
 38.9; 
Tully v. Citibank (S.D.), N.A.
, 173 S.W.3d 212, 217 n.4 (Tex. App.—Texarkana 2005, no pet.).

Under Texas Rule of Civil Procedure 131, a successful party in a suit is entitled to recover all the taxable costs it incurred.  
Tex. R. Civ. P.
 131; 
Moore v. Trevino
, 94 S.W.3d 723, 729 (Tex. App.—San Antonio 2002, pet. denied).  A “successful party” is one who obtains a judgment of a competent court of jurisdiction vindicating a civil claim of right.  
Ray v. McFarland
, 97 S.W.3d 728, 730-31 (Tex. App.—Fort Worth 2003, no pet.); 
Moore
, 94 S.W.3d at 729.  A party is successful based upon its success on the merits and not on whether damages are awarded.  
Head v. U.S. Inspect DFW, Inc.
, 159 S.W.3d 731, 749 (Tex. App.—Fort Worth 2005, no pet.); 
Moore
, 94 S.W.3d at 729.  For costs to be taxed otherwise, the trial court must find good cause and state the reasons on the record.  
Tex. R. Civ. P.
 141; 
Furr’s Supermarkets, Inc. v. Bethune
, 53 S.W.3d 375, 376-77 (Tex. 2001); 
Ray
, 97 S.W.3d at 730.  We review the trial court's allocation of costs under an abuse of discretion standard.  
Rogers v. Walmart Stores, Inc.
, 686 S.W.2d 599, 601 (Tex. 1985); 
Ray
, 97 S.W.3d at 730.

Here, appellee prevailed on the merits of its counterclaim.  Appellant has not challenged the trial court’s finding that she breached the letter agreement by filing a suit in intervention instead of an application for arbitration.  Thus, appellee was the successful party under rule 131.  We hold that the trial court did not abuse its discretion by awarding appellee court costs.

Conclusion

Having overruled appellant’s three issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: July 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court’s order states that “[a]ll questions of Law were considered by the Court, without any factual testimony or findings.” 

3:
We must affirm the trial court’s judgment if “it can be upheld on any legal theory (even if the trial court gives an incorrect reason for its judgment).”  
David L. Smith & Assocs., LLP v. Advanced Placement Team, Inc.
, 169 S.W.3d 816, 823 n.7 (Tex. App.—Dallas 2005, pet. denied) (citing 
Guar. County Mut. Ins. Co. v. Reyna
, 709 S.W.2d 647, 648 (Tex. 1986)).   

4:
The standard for determining waiver of the right to arbitrate is the same under the Texas General Arbitration Act and the Federal Arbitration Act.  
Southwind Group, Inc.
, 188 S.W.3d at 735; 
Brown v. Anderson
, 102 S.W.3d 245, 250 (Tex. App.—Beaumont 2003, pet. denied).

5:
Appellee appears to contend that the award is also proper under section 37.009 of the Texas Civil Practice and Remedies Code, but appellee did not request, nor did the trial court purport to award, attorney’s fees under that section of the Code, which applies to declaratory judgments.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.009 (Vernon 1997).

6:
Compare Taylor v. Wilson
, 180 S.W.3d 627, 631 (Tex. App.—Houston [14th Dist.] 2005, pet. filed) (holding that legal malpractice suit is not claim for personal injury; thus, section 171.002(c) does not apply to such a suit and arbitration agreement in engagement letter was not unenforceable on that ground), 
In re Hartigan
, 107 S.W.3d 684, 690 (Tex. App.—San Antonio 2003, orig. proceeding) (same), 
and Miller v. Brewer
, 118 S.W.3d 896, 899 (Tex. App.—Amarillo 2003, no pet.) (same), 
with In re Godt
, 28 S.W.3d 732, 738-39 (Tex. App.—Corpus Christi 2000, orig. proceeding) (holding that legal malpractice suit is personal injury claim for purposes of section 171.002(a)(3) and (c); therefore, arbitration agreement in engagement letter is unenforceable unless requirements of section 171.002(c) are met).

7:
Blay was the defendant in the underlying suit.

8:
The trial court did not make any explicit finding of bad faith as required by rule 13; however, appellant failed to object to the order on this ground.  
See Appleton
, 76 S.W.3d at 87; 
see also Barkhausen v. Craycom, Inc
., 178 S.W.3d 413, 421 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (“A failure to make particular findings may be harmless error, if the trial court’s findings of fact and conclusions of law ‘supply the particulars of the good cause required by Rule 13.’”).

9:
Appellee’s counsel alleged at the June 4 hearing that appellant had refused to give appellee a copy of his file.

10:
Because we have determined that the trial court did not abuse its discretion by awarding appellee its attorney’s fees under rule 13, we need not determine whether the award was proper under section 38.001(8) of the civil practice and remedies code.  
See
 
Tex. R. App. P.
 47.1; 
Dean v. Frank W. Neal & Assocs., Inc
., 166 S.W.3d 352, 361 n.9 (Tex. App.—Fort Worth 2005, no pet.).