COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-323-CV

 

 

KENNETH L. AND DONNA S. CHITWOOD                              APPELLANTS

AND THE STATE OF TEXAS                                           AND APPELLEES

 

                                                   V.

 

THE STATE OF TEXAS AND                                                   APPELLEES

KENNETH L. AND DONNA S. CHITWOOD                       AND
APPELLANTS

 

                                              ------------

 

                 FROM
THE PROBATE COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

I. 
Introduction








This is an appeal from a
condemnation case between Appellants and Cross-Appellees Kenneth L. Chitwood
and Donna S. Chitwood and Appellee and Cross-Appellant the State of Texas.  After a jury trial, the Chitwoods challenged
the jury=s finding valuing a temporary access easement in favor of the State at
$75,000.  The trial court subsequently
granted the Chitwoods= motion for
judgment notwithstanding the verdict on this finding and rendered judgment that
the value of the temporary access easement was conclusively established to be
$269,232.  Because some evidence exists
in the record supporting the jury=s determination that the value of the State=s temporary access easement was $75,000, we reverse the trial court=s award of $269,232 and render judgment on the jury=s verdict valuing the State=s temporary access easement at $75,000.  We affirm the rest of the trial court=s judgment.

II.  Factual and Procedural Background

The State filed its petition
for condemnation on October 9, 2001, seeking to acquire (1) 1.646 acres of a
3.788 acre tract of land owned by the Chitwoods and located along State Highway
121 in Denton County; (2) title to two structuresCa kennel with two apartments and a single-family residenceClocated on the property and bisected by the take line; and (3) a
temporary right to enter upon the remaining property in order to demolish the
two structures.  The petition does not
allege any time limit on the temporary right the State sought to enter onto the
property to destroy the improvements. The property was zoned agricultural at
the time of the taking. 








The trial court appointed
three special commissioners to assess the Chitwoods= damages.  See Tex. Prop. Code Ann. ' 21.014 (Vernon 2004) Following a hearing, the commissioners awarded
the Chitwoods $1,132,360 for the value of the State=s acquisition, and the State deposited the funds into the trial court=s registry on May 23, 2002.  The
Chitwoods withdrew the deposited funds that same day, establishing the date of
the State=s
taking.  The State filed objections to
the commissioners= award, and
the suit proceeded to trial.  See id.
' 21.018 (AIf a party
files an objection to the findings of the special commissioners, the court
shall cite the adverse party and try the case in the same manner as other civil
causes.@).

At trial, Stephen Klutz, the
Chitwoods= appraiser,
testified that the Chitwoods= property being condemned had a value of $14.50 per square foot, that
the remainder of the Chitwoods= property suffered damages in the amount of $240,712 as a result of
the condemnation, and that the State=s temporary right to enter the remainder property to destroy the
improvements had a value of $269,232 if the right to enter lasted two years or
$538,648 if the right to enter lasted four years.








The State=s appraiser, Thomas Hanes, valued the Chitwoods= property at $7.50 per square foot, which amounted to $537,750 for the
1.646 acres acquired.  Hanes testified
that the highest and best use of the Chitwoods= property would be to remove the improvements and develop the property
commercially.  He said that the Chitwoods= property was not worth even $8.00 a square foot with the improvements
on it.  Hanes further testified that the
remainder of the Chitwoods= property incurred no damages and that he was not asked to, and did
not, determine or calculate the value of the State=s temporary right to come onto the Chitwoods= property to destroy the improvements.     The jury ultimately determined that the fair market value of the
1.646 acres acquired by the State on May 23, 2002 was $573,598.08, that the
market value of the temporary access easement was $75,000,[2]
and that there were no damages to the remainder property.  The Chitwoods filed a motion for judgment
notwithstanding the verdict, arguing, among other things, that as a matter of
law they should be awarded not less than $269,232 for the value of the
temporary access easement because the evidence conclusively established this
value.  The trial court, however, entered
judgment on the jury=s verdict,
effectively denying the Chitwoods= j.n.o.v. motion.  








The Chitwoods subsequently
filed a motion for new trial.  In their
motion and at the new trial hearing, they argued that the trial court erred by
admitting State=s Exhibits
9-29 and by allowing a State=s witness, Terry May, to testify on rebuttal.  They also re-urged their motion for j.n.o.v.
argument that the evidence conclusively established the value of the temporary
access easement as $269,232.  The trial
court signed an order the following day granting in part the Chitwoods= motion for j.n.o.v. concerning the jury=s finding valuing the temporary easement at $75,000 and entering
judgment that the value of the temporary access easement was $269,232.  The trial court entered a new final judgment,
and the Chitwoods filed a second motion for new trial, which the trial court
denied.  This appeal followed.[3]

In three issues, the
Chitwoods complain that the trial court should have rendered judgment valuing
the temporary access easement at $573,598.08 because the easement is a
perpetualCnot a
temporaryCeasement and
that the trial court abused its discretion by admitting State=s Exhibits 9-29 and the testimony of May.  The State filed a cross-appeal, complaining
that the trial court erred by vacating the jury=s award of $75,000 as the value of the temporary access easement and
by admitting the testimony of the Chitwoods= appraiser.  

 








III.  Klutz=s Testimony

Because the State=s third issue in its cross-appeal is dispositive of its second issue
and also impacts our analysis of the Chitwoods= first issue, we address this issue first.  The State argues that Klutz=s testimony regarding his determination of the value of the temporary
access easement was speculative and that, therefore, the trial court erred by
admitting it.  The trial court possesses
broad discretion in determining whether to admit expert testimony, and we
review the trial court=s decision
to admit expert testimony under an abuse of discretion standard.  See Exxon Pipeline Co. v. Zwahr, 88
S.W.3d 623, 629 (Tex. 2002).













The State argues that Klutz=s measure of damages for the temporary access easement was based only
on loss of rentals and that in making the value determination he assumed that
the improvements would be destroyed and that the zoning would be changed.  But Klutz testified that his valuation of the
temporary access easement was attained by computing the value per square foot
($14.50) of the remainder of the Chitwoods= property (92,750 square feet) to which the State obtained temporary
access and multiplying that figure by 10% and multiplying that figure by two
because he assumed two years= access by the State.  Ten
percent, according to Klutz, was an accepted figure for calculating the value
of a lease over particular land.  Then,
Klutz testified that as a result of the temporary access easement the Chitwoods
lost rentals they typically would have obtained from the improvementsCthe kennel and the apartmentsCduring the time the State possessed the temporary access
easement.  The State does not challenge
Klutz=s methodology for computing the value of a temporary access easement
as unacceptable or unreliable.  Instead,
the State asserts that Klutz=s testimony is speculative because under City of Austin v. Teague,
while loss of rentals may be an appropriate measure of damages for the
temporary loss of use of land, anticipated rentals from land that is
undeveloped is speculative.  570 S.W.2d
389, 394-95 (Tex. 1978).  We cannot agree
with the State=s analysis
because the improvements on the Chitwoods= propertyCthe kennel
and the apartmentsCexisted and
were producing income at the time of the taking.  The Chitwoods= property was not undeveloped like the property in Teague.  And the Chitwoods introduced evidence
establishing the income produced by the improvements.  Klutz based his testimony concerning the
anticipated amount of rentals on this evidence; consequently, his testimony on
this issue was not speculative.  The
State had the opportunity to challenge Klutz=s methodology on cross-examination and to submit its own evidence
valuing the temporary access easement during its case-in-chief.  We hold that the trial court did not abuse
its discretion by admitting Klutz=s testimony valuing the State=s temporary access easement.  See
Harris County Appraisal Dist. v. Kempwood Plaza Ltd., No. 01‑05‑00183‑CV,
2006 WL 23322, at *7 (Tex. App.CHouston [1st Dist.] 2006, no pet. h.) (holding trial court did not
abuse its discretion by admitting testimony of landowner=s expert).  We overrule the
State=s third issue on cross-appeal.

IV.  J.N.O.V.CTemporary Access Easement Valuation

Both parties challenge the
trial court=s judgment
for the Chitwoods in the amount of $269,232 for the temporary access easement
notwithstanding the jury=s finding of
$75,000.

A.  Standard of Review








A trial court is allowed to
render a j.n.o.v. and to render judgment on the proper measure of damages only
in certain situations.  State v.
Huffstutler, 871 S.W.2d 955, 960-61 (Tex. App.CAustin 1994, no writ).  A trial
court may disregard a jury verdict and render a j.n.o.v. if no evidence
supports a jury finding on an issue necessary to liability, Tiller v. McLure,
121 S.W.3d 709, 713 (Tex. 2003), or if a directed verdict would have been
proper.  Tex. R. Civ. P. 301; Fort Bend County Drainage Dist. v.
Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991). A directed verdict is proper only
(1) when the evidence conclusively establishes the right of the movant to
judgment or negates the right of the opponent, or (2) when the evidence is
insufficient to raise a material fact issue. 
Prudential Ins. Co. v. Fin. Review Servs., Inc., 29 S.W.3d 74, 77
(Tex. 2000); Ray v. McFarland, 97 S.W.3d 728, 730 (Tex. App.CFort Worth 2003, no pet.); see also Tex. R. Civ. P. 268. 
In determining whether there is no evidence to support a jury finding,
we consider the evidence in the light most favorable to the jury finding,
rejecting the evidence and inferences contrary to the finding.  Tiller, 121 S.W.3d at 713.  If there is more than a scintilla of
competent evidence to support the jury finding, the j.n.o.v. should be
reversed.  Villegas v. Nationwide Mut.
Ins. Co., 10 S.W.3d 380, 382 (Tex. App.CAustin 1999, pet. denied).

B.  Jury Finding of $75,000













The State argues in its first
issue on cross-appeal that the trial court erred by granting a j.n.o.v. because
more than a scintilla of evidence supports the jury=s finding valuing the temporary access easement at $75,000.  The State argues that the jury valued the
temporary access easement using Klutz=s formula, but substituted in the $8.00 value per square foot it found
instead of using Klutz=s $14.50
value per square foot.  The State points
out that the jury determined in response to special question number one that
the Chitwoods= property
had a value of $8.00 per square foot; the jury awarded $573,598.08 to the
Chitwoods for the 1.646 acres (71,700 square feet) condemned by the State.[4]  Using Klutz=s formula that the value of the State=s temporary access easement on the remainder of the property is
computed by multiplying the value of the land per square foot by the number of
square feet constituting the remainder and multiplying that figure by 10% and
multiplying that figure by the number of years the easement lasts, the jury
would have arrived at $74,200; computed as follows, ($8.00 per square foot x
92,750 square feet = $742,000; $742,000 x 10% = $74,200 per year).  Although Klutz also added in the amount of
rentals the Chitwoods would have obtained during the State=s use of the temporary access easement, the evidence was disputed
concerning whether the Chitwoods were precluded from utilizing the improvements
during the period of the temporary access easement.[5]  Accordingly, the jury could have determined
that, in fact, the Chitwoods suffered minimal lost rentals.  Based on this evidence, we cannot agree that
the jury=s award of $75,000 to the Chitwoods for the State=s temporary access easement across the remainder of their property was
supported by no evidence.  The record
therefore contains some evidence supporting the jury=s award of $75,000 to the Chitwoods for the State=s temporary access easement across the remainder of the Chitwoods= property.  See Parallax
Corp. v. City of El Paso, 910 S.W.2d 86, 91 (Tex. App.CEl Paso 1995, writ denied) (explaining that when jury=s finding of value per square foot is supported by evidence, jury=s damage finding premised on plugging jury=s value per square foot into formula provided by expert constitutes
some evidence supporting jury=s damage award).  Accordingly,
we sustain the State=s first
cross-issue.[6]

C.  Perpetual Easement and Maximum Value

The Chitwoods argue in their
first issue that the trial court should have rendered judgment valuing the
temporary access easement at $538,648, and not $269,232.  They contend that the temporary access
easement is in fact perpetual because the State Afailed/refused@ to place a
time limit on its right to enter the Chitwoods= property and that the State is presumed in such a situation to
exercise its right to use and enjoy the property to the full extent. They argue
that we should either remand the case to determine whether the taking is
temporary or permanent or, in the alternative, correct the judgment to reflect
the maximum value amount testified to by Klutz. 
We cannot do either.








The Chitwoods submitted the following question in their proposed
charge to the jury:

 

Question No. 2: From the preponderance of the
evidence, what do you find to be the market value of the temporary access
easement over and across the Chitwood property? 

 

They
also requested the following instruction:

 

Where there is nothing to prevent full exercise
of rights acquired by Condemnor of land, probability that Condemnor will not
exercise such right or fact that there is no present intention of exercising
them to fullest exten[t] cannot be considered in reduction of damages, as
presumption is that Condemnor will exercise its full rights and use and enjoy
property taken to full extent.   

 








The trial court submitted the Chitwoods= above requested jury charge question and instruction with very few
changes.  Because the Chitwoods did not
request the trial court to submit a special question to determine whether the
easement was temporary or permanent, but instead requested only a question
setting the value of the temporary access easement, they cannot complain of the
jury=s failure to find this fact.  See
Tex. R. Civ. P. 274; Frost
Crushed Stone Co., Inc. v. Odell Geer Constr. Co., Inc., 110 S.W.3d 41, 47
(Tex. App.CWaco 2002,
no pet.); accord Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc., 176
S.W.3d 307, 330 (Tex. App.CHouston [1st Dist.] 2004, pet. denied) (holding plaintiff requested
finding against defendant only in capacity as trustee, waiving complaint that
jury should have found against defendant in his individual capacity).  Accordingly, we overrule the Chitwoods= first issue to the extent they argue that we should remand this case
to determine if the temporary access easement is temporary or permanent.

Moreover, because we have
held that the jury=s $75,000
valuation of the State=s temporary
access easement is supported by legally sufficient evidence, we cannot render
judgment awarding the Chitwoods $538,648 as the value of the temporary
easement.  See Wuertz v. Wilson,
922 S.W.2d 268, 271-72 (Tex. App.CAustin 1996, no writ); see also Huffstutler, 871 S.W.2d at
960.  Accordingly, we overrule the
Chitwoods= first
issue.

V.  State=s Exhibits 9-29

In their second issue, the
Chitwoods argue that the trial court abused its discretion by admitting State=s Exhibits 9-29 into evidence. 
They argue that the exhibits were inadmissible because the State failed
to identify them in response to a discovery request, the exhibits were not
offered to rebut any evidence offered by the Chitwoods, and the State was not
surprised by any of the Chitwoods= evidence. 








State=s Exhibits 9-29 were admitted during the State=s cross-examination of Klutz. 
We initially note that State=s Exhibit 19 was stricken from the record and that State=s Exhibits 24-29 were subsequently withdrawn and replaced with other
exhibits.  State=s Exhibits 9-11, a neighborhood location map, a land sales map, and an
adjustment chart, are documents obtained from Klutz=s own appraisal report.  State=s Exhibits 12-18 and 20 are photographs or site plans of comparable
land sales that Klutz utilized in his appraisal report.  And State=s Exhibits 21-23 are summaries of information that Klutz relied on and
provided in his appraisal report.  

To obtain reversal of a
judgment based upon an error in the trial court, the appellant must show that
(1) the error occurred and (2) it probably caused rendition of an improper
judgment, or probably prevented the appellant from properly presenting the case
to this court.  TEX. R. APP. P. 44.1(a); Romero v. KPH Consolidation, Inc., 166
S.W.3d 212, 220 (Tex. 2005).  We examine
the entire record in making this determination of harm.  Interstate Northborough P=ship v. State, 66 S.W.3d 213, 220
(Tex. 2001).








Assuming without deciding
that the trial court improperly admitted the remainder of the complained of
exhibits, the Chitwoods have not shown that the admission of these exhibits
probably caused the rendition of an improper judgment.  Neither the State nor the Chitwoods challenge
the jury=s award of $573,598.08 for the condemned 1.646 acres.  And it does not appear from the record that
these exhibits were utilized by either side in computing the value of the
temporary access easement.  We cannot say
that the temporary access easement issue before us turned on the erroneous
evidentiary ruling at issue.  See City
of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995).     The Chitwoods also argue that they had to
object continually during this portion of the trial, thus Acreating an atmosphere that they were trying to hide something or keep
information from the jury.@  But the trial court granted
the Chitwoods a running objection concerning the admission of the rebuttal
exhibits, presumably to avoid this exact consequence.  We hold that error, if any, in the trial
court=s admission of State=s Exhibits 9-18 and 20-23 was harmless.  See Tex.
R. App. P. 44.1(a).  We overrule
the Chitwoods= second
issue.

VI.  May=s Testimony

In their third issue, the
Chitwoods argue that the trial court abused its discretion by allowing Terry
May, a former Texas Department of Transportation (ATxDOT@) employee,
to testify as a rebuttal witness for the State because May was not identified
by the State as an expert in response to a discovery request and the State did
not show good cause for allowing his testimony. 
They argue that they were substantially harmed and burdened by May=s testimony because they were unable to adequately prepare for
it.  








The trial court permitted the
Chitwoods to read portions of Brian Barth=s testimony from the special commissioners= hearing into the record over the State=s objection.  Barth, an engineer
for TxDOT, testified about the process of obtaining a driveway permit and
concluded that although there was no guarantee that a driveway permit would be
issued to the Chitwoods, a permit would be approved Ain all likelihood.@  Later in the trial, the State
argued that it was calling May as a rebuttal witness in response to Barth=s testimony.  May testified that
TxDOT would never land-lock a remainder property. 

The record does not show that
the trial court=s ruling
allowing May to testify, if erroneous, constitutes reversible error.  May=s testimony, which consisted of six pages in the record, was largely
cumulative of Barth=s testimony
or of other evidence previously admitted at trial.  See Gee v. Liberty Mut. Fire Ins. Co,
765 S.W.2d 394, 396 (Tex. 1989) (reasoning that erroneous rulings on the
admissibility of cumulative evidence are ordinarily not reversible error).  And the record does not demonstrate that May=s testimony that TxDOT would not deny an application for a driveway
permit land-locking a property owner was a material issue dispositive of the
case.  See Alvarado, 897 S.W.2d at
753-54.  Thus, the Chitwoods have not
shown that May=s testimony
was harmful, probably causing the rendition of an improper judgment.  See Tex.
R. App. P. 44.1(a).  Accordingly,
we overrule the Chitwoods= third
issue.

 

 

 








VII.  Conclusion

Having overruled all three of
the Chitwoods= issues and
the State=s third
cross-issue, but having sustained the State=s first cross-issue, we reverse the trial court=s award of $269,232 as to the temporary access easement and render
judgment on the jury=s finding
that the easement is valued at $75,000. 
We affirm the judgment of the trial court as modified.[7]

 

 

 

SUE WALKER

JUSTICE

 

PANEL
B:   DAUPHINOT, WALKER, and MCCOY, JJ.

 

DELIVERED:
May 25, 2006











[1]See Tex. R. App. P. 47.4.





[2]Special
question two asked the jury, AWhat is the market value of
the temporary access easement over and across the Chitwood property?@  And the jury answered $75,000. 





[3]Neither
party challenges the jury=s
finding of the value of the condemned 1.646 acres of the Chitwoods=
property.





[4]Recall
that neither party challenges this damage award.





[5]Klutz
conceded that it was his understanding that despite the temporary easement the
Chitwoods were allowed to continue to use the improvements through December
2002. 





[6]Because
we have sustained the State=s first cross-issue, we do
not address its second, alternative issue challenging the trial court=s
rendition of judgment that the value of the temporary access easement was
conclusively established to be $269,232. 





[7]See Tex. R. App. P. 43.2(a).