Kenneth L. and Donna Chitwood v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-323-CV

KENNETH L. AND DONNA S. CHITWOOD APPELLANTS

AND THE STATE OF TEXAS AND APPELLEES

V.

THE STATE OF TEXAS AND APPELLEES

KENNETH L. AND DONNA S. CHITWOOD   AND APPELLANTS

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an appeal from a condemnation case between Appellants and Cross-Appellees Kenneth L. Chitwood and Donna S. Chitwood and Appellee and Cross-Appellant the State of Texas.  After a jury trial, the Chitwoods challenged the jury’s finding valuing a temporary access easement in favor of the State at $75,000.  The trial court subsequently granted the Chitwoods’ motion for judgment notwithstanding the verdict on this finding and rendered judgment that the value of the temporary access easement was conclusively established to be $269,232.  Because some evidence exists in the record supporting the jury’s determination that the value of the State’s temporary access easement was $75,000, we reverse the trial court’s award of $269,232 and render judgment on the jury’s verdict valuing the State’s temporary access easement at $75,000.  We affirm the rest of the trial court’s judgment.

II.  Factual and Procedural Background

The State filed its petition for condemnation on October 9, 2001, seeking to acquire (1) 1.646 acres of a 3.788 acre tract of land owned by the Chitwoods and located along State Highway 121 in Denton County; (2) title to two structures—a kennel with two apartments and a single-family residence—located on the property and bisected by the take line; and (3) a temporary right to enter upon the remaining property in order to demolish the two structures.  The petition does not allege any time limit on the temporary right the State sought to enter onto the property to destroy the improvements. The property was zoned agricultural at the time of the taking. 

The trial court appointed three special commissioners to assess the Chitwoods’ damages.  
See 
Tex. Prop. Code Ann.
 § 21.014 (Vernon 2004) Following a hearing, the commissioners awarded the Chitwoods $1,132,360 for the value of the State’s acquisition, and the State deposited the funds into the trial court’s registry on May 23, 2002.  The Chitwoods withdrew the deposited funds that same day, establishing the date of the State’s taking.  The State filed objections to the commissioners’ award, and the suit proceeded to trial.  
See id
. § 21.018 (“If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil causes.”).

At trial, Stephen Klutz, the Chitwoods’ appraiser, testified that the Chitwoods’ property being condemned had a value of $14.50 per square foot, that the remainder of the Chitwoods’ property suffered damages in the amount of $240,712 as a result of the condemnation, and that the State’s temporary right to enter the remainder property to destroy the improvements had a value of $269,232 if the right to enter lasted two years or $538,648 if the right to enter lasted four years.

The State’s appraiser, Thomas Hanes, valued the Chitwoods’ property at $7.50 per square foot, which amounted to $537,750 for the 1.646 acres acquired.  Hanes testified that the highest and best use of the Chitwoods’ property would be to remove the improvements and develop the property commercially.  He said that the Chitwoods’ property was not worth even $8.00 a square foot with the improvements on it.  Hanes further testified that the remainder of the Chitwoods’ property incurred no damages and that he was not asked to, and did not, determine or calculate the value of the State’s temporary right to come onto the Chitwoods’ property to destroy the improvements. The jury ultimately determined that the fair market value of the 1.646 acres acquired by the State on May 23, 2002 was $573,598.08, that the market value of the temporary access easement was $75,000,
(footnote: 2) and that there were no damages to the remainder property.  The Chitwoods filed a motion for judgment notwithstanding the verdict, arguing, among other things, that as a matter of law they should be awarded not less than $269,232 for the value of the temporary access easement because the evidence conclusively established this value.  The trial court, however, entered judgment on the jury’s verdict, effectively denying the Chitwoods’ j.n.o.v. motion.  

The Chitwoods subsequently filed a motion for new trial.  In their motion and at the new trial hearing, they argued that the trial court erred by admitting State’s Exhibits 9-29 and by allowing a State’s witness, Terry May, to testify on rebuttal.  They also re-urged their motion for j.n.o.v. argument that the evidence conclusively established the value of the temporary access easement as $269,232.  The trial court signed an order the following day granting in part the Chitwoods’ motion for j.n.o.v. concerning the jury’s finding valuing the temporary easement at $75,000 and entering judgment that the value of the temporary access easement was $269,232.  The trial court entered a new final judgment, and the Chitwoods filed a second motion for new trial, which the trial court denied.  This appeal followed.
(footnote: 3)
 In three issues, the Chitwoods complain that the trial court should have rendered judgment valuing the temporary access easement at $573,598.08 because the easement is a perpetual—not a temporary—easement and that the trial court abused its discretion by admitting State’s Exhibits 9-29 and the testimony of May.  The State filed a cross-appeal, complaining that the trial court erred by vacating the jury’s award of $75,000 as the value of the temporary access easement and by admitting the testimony of the Chitwoods’ appraiser.  

III.  Klutz’s Testimony

Because the State’s third issue in its cross-appeal is dispositive of its second issue and also impacts our analysis of the Chitwoods’ first issue, we address this issue first.  The State argues that Klutz’s testimony regarding his determination of the value of the temporary access easement was speculative and that, therefore, the trial court erred by admitting it.  
The trial court possesses broad discretion in determining whether to admit expert testimony, and we review the trial court’s decision to admit expert testimony under an abuse of discretion standard.  
See Exxon Pipeline Co. v. Zwahr
, 88 S.W.3d 623, 629 (Tex. 2002).

The State argues that Klutz’s measure of damages for the temporary access easement was based only on loss of rentals and that in making the value determination he assumed that the improvements would be destroyed and that the zoning would be changed.  But Klutz testified that his valuation of the temporary access easement was attained by computing the value per square foot ($14.50) of the remainder of the Chitwoods’ property (92,750 square feet) to which the State obtained temporary access and multiplying that figure by 10% and multiplying that figure by two because he assumed two years’ access by the State.  Ten percent, according to Klutz, was an accepted figure for calculating the value of a lease over particular land.  Then, Klutz testified that as a result of the temporary access easement the Chitwoods lost rentals they typically would have obtained from the improvements—the kennel and the apartments—during the time the State possessed the temporary access easement.  The State does not challenge Klutz’s methodology for computing the value of a temporary access easement as unacceptable or unreliable.  Instead, the State asserts that Klutz’s testimony is speculative because under 
City of Austin v. Teague
, while loss of rentals may be an appropriate measure of damages for the temporary loss of use of land, anticipated rentals from land that is undeveloped is speculative.  570 S.W.2d 389, 394-95 (Tex. 1978).  We cannot agree with the State’s analysis because 
the improvements on the Chitwoods’ property—the kennel and the apartments—existed and were producing income at the time of the taking.  The Chitwoods’ property was not undeveloped like the property in 
Teague
.  And the Chitwoods introduced evidence establishing the income produced by the improvements.  Klutz based his testimony concerning the anticipated amount of rentals on this evidence; consequently, his testimony on this issue was not speculative.  The State had the opportunity to challenge Klutz’s methodology on cross-examination and to submit its own evidence valuing the temporary access easement during its case-in-chief.  We hold that the trial court did not abuse its discretion by admitting Klutz’s testimony valuing the State’s temporary access easement.  
See Harris County Appraisal Dist. v. Kempwood Plaza Ltd.
, No. 01-05-00183-CV, 2006 WL 23322, at *7 (Tex. App.—Houston [1st Dist.] 2006, no pet. h.) (holding trial court did not abuse its discretion by admitting testimony of landowner’s expert).  
We overrule the State’s third issue on cross-appeal.

IV.  J.N.O.V.—Temporary Access Easement Valuation

Both parties challenge the trial court’s judgment for the Chitwoods in the amount of $269,232 for the temporary access easement notwithstanding the jury’s finding of $75,000.

A.  Standard of Review

A trial court is allowed to render a j.n.o.v. and to render judgment on the proper measure of damages only in certain situations.  
State v. Huffstutler
, 871 S.W.2d 955, 960-61 (Tex. App.—Austin 1994, no writ).  A trial court may disregard a jury verdict and render a j.n.o.v. if no evidence supports a jury finding on an issue necessary to liability, 
Tiller v. McLure
, 121 S.W.3d 709, 713 (Tex. 2003), or if a directed verdict would have been proper.  
Tex. R. Civ. P.
 301; 
Fort Bend County Drainage Dist. v. Sbrusch
, 818 S.W.2d 392, 394 (Tex. 1991). A directed verdict is proper only (1) when the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent, or (2) when the evidence is insufficient to raise a material fact issue.  
Prudential Ins. Co. v. Fin. Review Servs., Inc.
, 29 S.W.3d 74, 77 (Tex. 2000); 
Ray v. McFarland
, 97 S.W.3d 728, 730 (Tex. App.—Fort Worth 2003, no pet.); 
see also 
Tex. R. Civ. P.
 268.  In determining whether there is no evidence to support a jury finding, we consider the evidence in the light most favorable to the jury finding, rejecting the evidence and inferences contrary to the finding.  
Tiller
, 121 S.W.3d at 713.  If there is more than a scintilla of competent evidence to support the jury finding, the j.n.o.v. should be reversed.  
Villegas v. Nationwide Mut. Ins. Co.
, 10 S.W.3d 380, 382 (Tex. App.—Austin 1999, pet. denied).

B.  Jury Finding of $75,000

The State argues in its first issue on cross-appeal that the trial court erred by granting a j.n.o.v. because more than a scintilla of evidence supports the jury’s finding valuing the temporary access easement at $75,000.  The State argues that the jury valued the temporary access easement using Klutz’s formula, but substituted in the $8.00 value per square foot it found instead of using Klutz’s $14.50 value per square foot.  The State points out that the jury determined in response to special question number one that the Chitwoods’ property had a value of $8.00 per square foot; the jury awarded $573,598.08 to the Chitwoods for the 1.646 acres (71,700 square feet) condemned by the State.
(footnote: 4)  Using Klutz’s formula that the value of the State’s temporary access easement on the remainder of the property is computed by multiplying the value of the land per square foot by the number of square feet constituting the remainder and multiplying that figure by 10% and multiplying that figure by the number of years the easement lasts, the jury would have arrived at $74,200; computed as follows, ($8.00 per square foot x 92,750 square feet = $742,000; $742,000 x 10% = $74,200 per year).  Although Klutz also added in the amount of rentals the Chitwoods would have obtained during the State’s use of the temporary access easement, the evidence was disputed concerning whether the Chitwoods were precluded from utilizing the improvements during the period of the temporary access easement.
(footnote: 5)  Accordingly, the jury could have determined that, in fact, the Chitwoods suffered minimal lost rentals.  Based on this evidence, we cannot agree that the jury’s award of $75,000 to the Chitwoods for the State’s temporary access easement across the remainder of their property was supported by no evidence.  The record therefore contains some evidence supporting the jury’s award of $75,000 to the Chitwoods for the State’s temporary access easement across the remainder of the Chitwoods’ property.  
See Parallax Corp. v. City of El Paso
, 910 S.W.2d 86, 91 (Tex. App.—El Paso 1995, writ denied) (explaining that when jury’s finding of value per square foot is supported by evidence, jury’s damage finding premised on plugging jury’s value per square foot into formula provided by expert constitutes some evidence supporting jury’s damage award).  Accordingly, we sustain the State’s first cross-issue.
(footnote: 6)
 C.  Perpetual Easement and Maximum Value

The Chitwoods argue in their first issue that the trial court should have rendered judgment valuing the temporary access easement at $538,648, and not $269,232.  They contend that the temporary access easement is in fact perpetual because the State “failed/refused” to place a time limit on its right to enter the Chitwoods’ property and that the State is presumed in such a situation to exercise its right to use and enjoy the property to the full extent. They argue that we should either remand the case to determine whether the taking is temporary or permanent or, in the alternative, correct the judgment to reflect the maximum value amount testified to by Klutz.  We cannot do either.

The Chitwoods submitted the following question in their proposed charge to the jury:

Question No. 2: From the preponderance of the evidence, what do you find to be the market value of the temporary access easement over and across the Chitwood property? 

They also requested the following instruction:

Where there is nothing to prevent full exercise of rights acquired by Condemnor of land, probability that Condemnor will not exercise such right or fact that there is no present intention of exercising them to fullest exten[t] cannot be considered in reduction of damages, as presumption is that Condemnor will exercise its full rights and use and enjoy property taken to full extent.   

The trial court submitted the Chitwoods’ above requested jury charge question and instruction with very few changes.  Because the Chitwoods did not request the trial court to submit a special question to determine whether the easement was temporary or permanent, but instead requested only a question setting the value of the temporary access easement, they cannot complain of the jury’s failure to find this fact.  
See 
Tex. R. Civ. P.
 274; 
Frost Crushed Stone Co., Inc. v. Odell Geer Constr. Co., Inc., 
110 S.W.3d 41, 47 (Tex. App.—Waco 2002, no pet.); 
accord Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.
, 176 S.W.3d 307, 330 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding plaintiff requested finding against defendant only in capacity as trustee, waiving complaint that jury should have found against defendant in his individual capacity).  Accordingly, we overrule the Chitwoods’ first issue to the extent they argue that we should remand this case to determine if the temporary access easement is temporary or permanent.

Moreover, because we have held that the jury’s $75,000 valuation of the State’s temporary access easement is supported by legally sufficient evidence, we cannot render judgment awarding the Chitwoods $538,648 as the value of the temporary easement.  
See Wuertz v. Wilson
, 922 S.W.2d 268, 271-72 (Tex. App.—Austin 1996, no writ); 
see also Huffstutler
, 871 S.W.2d at 960.  Accordingly, we overrule the Chitwoods’ first issue.

V.  State’s Exhibits 9-29

In their second issue, the Chitwoods argue that the trial court abused its discretion by admitting State’s Exhibits 9-29 into evidence.  They argue that the exhibits were inadmissible because the State failed to identify them in response to a discovery request, the exhibits were not offered to rebut any evidence offered by the Chitwoods, and the State was not surprised by any of the Chitwoods’ evidence. 

State’s Exhibits 9-29 were admitted during the State’s cross-examination of Klutz.  We initially note that State’s Exhibit 19 was stricken from the record and that State’s Exhibits 24-29 were subsequently withdrawn and replaced with other exhibits.  State’s Exhibits 9-11, a neighborhood location map, a land sales map, and an adjustment chart, are documents obtained from Klutz’s own appraisal report.  State’s Exhibits 12-18 and 20 are photographs or site plans of comparable land sales that Klutz utilized in his appraisal report.  And State’s Exhibits 21-23 are summaries of information that Klutz relied on and provided in his appraisal report.  

To obtain reversal of a judgment based upon an error in the trial court, the appellant must show that (1) the error occurred and (2) it probably caused rendition of an improper judgment, or probably prevented the appellant from properly presenting the case to this court.  T
EX
. R. A
PP
. P. 44.1(a); 
Romero v. KPH Consolidation
,
 Inc.
, 166 S.W.3d 212, 220 (Tex. 2005)
.  We examine the entire record in making this determination of harm.  
Interstate Northborough P’ship v. State
, 66 S.W.3d 213, 220 (Tex. 2001).

Assuming without deciding that the trial court improperly admitted the remainder of the complained of exhibits, the Chitwoods have not shown that the admission of these exhibits probably caused the rendition of an improper judgment.  
Neither the State nor the Chitwoods challenge the jury’s award of $573,598.08 for the condemned 1.646 acres.  And it does not appear from the record that these exhibits were utilized by either side in computing the value of the temporary access easement.  We cannot say that the temporary access easement issue before us turned on the erroneous evidentiary ruling at issue.  
See
 
City of Brownsville v. Alvarado
, 897 S.W.2d 750, 753-54 (Tex. 1995). The Chitwoods also argue that they had to object continually during this portion of the trial, thus “creating an atmosphere that they were trying to hide something or keep information from the jury.”  But the trial court granted the Chitwoods a running objection concerning the admission of the rebuttal exhibits, presumably to avoid this exact consequence.  We hold that error, if any, in the trial court’s admission of State’s Exhibits 9-18 and 20-23 was harmless.  
See 
Tex. R. App. P.
 44.1(a).  
We overrule the Chitwoods’ second issue.

VI.  May’s Testimony

In their third issue, the Chitwoods argue that the trial court abused its discretion by allowing Terry May, a former Texas Department of Transportation (“TxDOT”) employee, to testify as a rebuttal witness for the State because May was not identified by the State as an expert in response to a discovery request and the State did not show good cause for allowing his testimony.  They argue that they were substantially harmed and burdened by May’s testimony because they were unable to adequately prepare for it.  

The trial court permitted the Chitwoods to read portions of Brian Barth’s testimony from the special commissioners’ hearing into the record over the State’s objection.  Barth, an engineer for TxDOT, testified about the process of obtaining a driveway permit and concluded that although there was no guarantee that a driveway permit would be issued to the Chitwoods, a permit would be approved “in all likelihood.”  Later in the trial, the State argued that it was calling May as a rebuttal witness in response to Barth’s testimony.  May testified that TxDOT would never land-lock a remainder property. 

The record does not show that the trial court’s ruling allowing May to testify, if erroneous, constitutes reversible error.  May’s testimony, which consisted of six pages in the record, was largely cumulative of Barth’s testimony or of other evidence previously admitted at trial.  
See Gee v. Liberty Mut. Fire Ins. Co
, 765 S.W.2d 394, 396 (Tex. 1989) (reasoning that erroneous rulings on the admissibility of cumulative evidence are ordinarily not reversible error).  And the record does not demonstrate that May’s testimony that TxDOT would not deny an application for a driveway permit land-locking a property owner was a material issue dispositive of the case.  
See Alvarado
, 897 S.W.2d at 753-54.  Thus, the Chitwoods have not shown that May’s testimony was harmful, probably causing the rendition of an improper judgment.  
See 
Tex. R. App. P.
 44.1(a).  Accordingly, we overrule the Chitwoods’ third issue.

VII.  Conclusion

Having overruled all three of the Chitwoods’ issues and the State’s third cross-issue, but having sustained the State’s first cross-issue, we reverse the trial court’s award of $269,232 as to the temporary access easement and render judgment on the jury’s finding that the easement is valued at $75,000.  We affirm the judgment of the trial court as modified.
(footnote: 7)

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: May 25, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Special question two asked the jury, “What is the market value of the temporary access easement over and across the Chitwood property?”  And the jury answered $75,000. 

3:
Neither party challenges the jury’s finding of the value of the condemned 1.646 acres of the Chitwoods’ property.

4:
Recall that neither party challenges this damage award.

5:
Klutz conceded that it was his understanding that despite the temporary easement the Chitwoods were allowed to continue to use the improvements through December 2002. 

6:
Because we have sustained the State’s first cross-issue, we do not address its second, alternative issue challenging the trial court’s rendition of judgment that the value of the temporary access easement was conclusively established to be $269,232. 

7:
See 
Tex. R. App. P.
 43.2(a).