COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-334-CV

 

 

DEE ANN SMITH                                                                 APPELLANT

 

                                                   V.

 

DUNCAN LAND & EXPLORATION, INC.                                    APPELLEES

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Dee Ann Smith
appeals from a final judgment awarding appellee Duncan Land & Exploration,
Inc. $3,000 in attorney=s fees, plus
court costs, on its counterclaim for breach of contract.  In three issues, appellant contends that the
trial court abused its discretion by holding a trial on the counterclaim
instead of compelling arbitration on it, that the trial court erred by awarding
appellee $3,000 in attorney=s fees as a sanction, and that the award of attorney=s fees was not equitable and just as a matter of law.  We affirm.

Factual and Procedural
Background

Appellee hired appellant to
perform legal services in a suit by appellee against Robert Blay.  Appellant and Brian Duncan, as appellee=s President, signed an engagement letter dated February 14, 2003
setting forth the terms of appellant=s representation of appellee. 
The following provision is included on the last page of the letter:

If a party to this agreement has a dispute or
claim against the other party or anyone employed under this agreement and the
dispute or claim arises out of, is related to, or concerns any aspect of this
agreement or services performed or not performed under this agreement, all such
disputes or claims shall be submitted to binding arbitration.  Any such arbitration shall be held in Wichita
Falls, Texas, and no legal proceedings may be instituted except to enforce the
award of the arbitrator or to preserve the jurisdiction of any court with
existing jurisdiction of any of the parties, whether related or not to this
agreement.

 

Appellant prepared the letter agreement. 








During the course of the
suit, appellee hired another attorney and eventually refused to pay appellant
fees and expenses that she claimed appellee owed her.  On January 21, 2004, appellant intervened in
appellee=s suit against Blay, asking that the trial court award her $7,725.25
in reasonable attorney=s fees and
expenses for legal services she had rendered in the Blay suit.   Appellee filed a counterclaim for breach of
contract, claiming that appellant breached her own letter agreement by filing a
petition in intervention rather than an application for arbitration.  Appellee asked the trial court to award breach
of contract damages of $6,725.25, sanctions of $6,725.25 for appellant=s frivolous pleading, reasonable and necessary attorney=s fees of $3,000, and costs of court. 

The trial court held a
hearing on March 22, 2004.  Appellant
called in sick and did not appear.  The
trial court abated appellant=s petition in intervention and ordered that Aany dispute between Brian Duncan and [appellant] regarding Attorney
Fees in this cause of action should be sent to arbitration as a final decision.@[2]  The trial court also set a
hearing on appellee=s
counterclaim for damages, sanctions, and attorney=s fees.  

On June 4, 2004, the trial
court held a hearing on appellee=s counterclaim.  The trial court
took the matter under advisement and on March 14, 2005, sent the parties a
letter stating that A[a]fter due
consideration, the court is of the opinion that [appellant] should not have
filed an action for fees without first seeking a resolution with Mr. Duncan,
either through negotiation or arbitration as set forth in the fee contract
prepared by [appellant].@ 








On July 11, 2005, appellant
filed an AObjection to
Proposed Judgment And Motion For Partial Rehearing Relating to Intervention.@  In the motion for rehearing
section, she contended for the first time that appellee=s counterclaim should also have been ordered to arbitration.  There is no response in the record.  The trial court denied appellant=s objection to the proposed judgment and denied the motion for partial
rehearing on August 24, 2005.  On August
25, 2005, the trial court signed an order awarding appellee $3,000 in attorney=s fees on its counterclaim against appellant.  Appellant filed a notice of appeal appealing
this order on September 15, 2005. 

The parties arbitrated the
fee dispute in October 2005.  The
arbitrator awarded appellant $4,625.25, after offsetting the trial court=s $3,000 attorney=s fees award on appellant=s counterclaim.  Appellant filed
an application to confirm the arbitration award on November 16, 2005, along
with a AFirst Amended Answer to Counterclaim and Counter-Motion for Sanctions.@  On November 22, 2005, the
trial court signed a final judgment confirming the arbitrator=s award and severing the counterclaim, thus making its August 25, 2005
order final. 








Analysis

Arbitration
of Counterclaim

In her first
issue, appellant contends that the trial court abused its discretion by
retaining jurisdiction of appellee=s counterclaim, rather than ordering it to arbitration.  Appellant claims that the counterclaim was
arbitrable because Ait was
interwoven with the contract so that it could not stand alone@ and that she did not waive her right to arbitrate the counterclaim. 

Scope of Arbitration
Agreement

A party seeking to compel
arbitration must first prove that an arbitration agreement exists and that the
claims asserted fall within the scope of the agreement.  In re Oakwood Mobile Homes, Inc., 987
S.W.2d 571, 573 (Tex. 1999) (orig. proceeding), abrogated in part on other
grounds by In re Halliburton Co., 80 S.W.3d 566 (Tex. 2002) (orig.
proceeding); In re Southwind Group, Inc., 188 S.W.3d 730, 735 (Tex. App.CEastland 2006, orig. proceeding). 
Any doubts regarding the existence or scope of an agreement are resolved
in favor of arbitration.  In re
FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001).








The arbitration agreement in
the letter agreement applies to a Adispute or claim [that] arises out of, is related to, or concerns any
aspect of [the] agreement.@  This type of language is
construed broadly.  In re Conseco Fin.
Serv. Corp., 19 S.W.3d 562, 568 (Tex. App.CWaco 2000, orig. proceeding). 
It encompasses all claims at issue unless Ait can be said with positive assurance that an arbitration clause is
not susceptible of an interpretation which would cover the dispute at issue.@  Prudential Secs. Inc. v.
Marshall, 909 S.W.2d 896, 899 (Tex. 1995) (orig. proceeding).

Here, appellee=s counterclaim for breach of contract is based directly on and Aarises out of@ the letter
agreement; appellee contends that appellant breached the arbitration provision
by filing a suit in intervention rather than an application to arbitrate.  Thus, appellee=s breach of contract claim falls within the scope of the arbitration
agreement.  See Pepe Int=l Dev. Co. v. Garcia, 915 S.W.2d
925, 931 (Tex. App.CHouston [1st
Dist.] 1996, orig. proceeding).  

If a party seeking arbitration
carries its initial burden, the burden shifts to the party resisting
arbitration to present evidence on its defenses to the arbitration
agreement.  Southwind Group, Inc.,
188 S.W.3d at 735.  We cannot determine
from the record that appellee asserted any defenses to appellant=s claim on rehearing of the counterclaim that it was subject to
arbitration; however, appellant asserted in that motion that she had not waived
her right to arbitrate the counterclaim. 
Thus, we will determine whether appellant waived the right to arbitrate
the counterclaim.[3]








Waiver

Whether a
party has waived its right to arbitrate presents a question of law that we
review de novo.  Oakwood Mobile Homes,
Inc., 987 S.W.2d at 574; Southwind Group, Inc., 188 S.W.3d at
735.  Because public policy favors
arbitration, there is a strong presumption against finding that a party has
waived its right to arbitration; the burden to prove waiver is thus a heavy
one.  In re Bruce Terminix Co.,
988 S.W.2d 702, 704‑05 (Tex. 1998) (orig. proceeding); EZ Pawn Corp.
v. Mancias, 934 S.W.2d 87, 89 (Tex. 1996) (orig. proceeding); Southwind
Group, Inc., 188 S.W.3d at 735.  Any
doubts regarding waiver are resolved in favor of arbitration.  Bruce Terminix Co., 988 S.W.2d at 705;
Southwind Group, Inc., 188 S.W.3d at 735.








Waiver may be express or
implied, but it must be intentional.  EZ
Pawn Corp., 934 S.W.2d at 89; Southwind Group, Inc., 188 S.W.3d at
735.  Whether waiver occurs depends on
the individual facts and circumstances of each case.  Southwind Group, Inc., 188 S.W.3d at
735; Williams Indus., Inc. v. Earth Dev. Sys. Corp., 110 S.W.3d 131, 135
(Tex. App.CHouston [1st
Dist.] 2003, no pet.).  A party does not
waive arbitration merely by delay; instead, the party urging waiver must
establish that any delay resulted in prejudice. 
Prudential Secs. Inc., 909 S.W.2d at 898; Southwind Group,
Inc., 188 S.W.3d at 735.  A court may
find waiver only when (1) the party seeking arbitration has substantially
invoked the judicial process and (2) the party opposing arbitration suffers
actual prejudice as a result.  Bruce
Terminix Co., 988 S.W.2d at 704; Southwind Group, Inc., 188 S.W.3d
at 735.

Courts will not find that a
party has waived its right to enforce an arbitration clause by merely taking
part in litigation unless it has substantially invoked the judicial process to
its opponent=s
detriment.  Bruce Terminix Co.,
988 S.W.2d at 704; Southwind Group, Inc., 188 S.W.3d at 736.  Substantially invoking the judicial process
may occur when the party seeking arbitration actively tried, but failed, to
achieve a satisfactory result in litigation before turning to arbitration.  Southwind Group, Inc., 188 S.W.3d at
736; Williams Indus., Inc., 110 S.W.3d at 135.













Here, appellant not only
waited almost a year and a half after the counterclaim was filed to request
arbitration of the counterclaim, she actually participated in a hearing on the
merits of the counterclaim without objection. 
Only after the trial court rendered a damage judgment against her did
she assert her right to arbitration, a little over a year after the hearing on
the merits.  By the time appellant
finally requested arbitration of the counterclaim, appellee and appellee=s counsel had already prepared for, attended, and incurred expenses in
connection with a trial on the merits on the counterclaim, and appellee had
received a favorable ruling from the trial court on its counterclaim.  See Marble Slab Creamery, Inc. v. Wesic,
Inc., 823 S.W.2d 436, 439 (Tex. App.CHouston [14th Dist.] 1992, no writ) (holding that appellate court may
presume trial court took judicial notice of its own record and that trial court
record in that case supported prejudice element).  Under these circumstances, we hold that
appellant substantially invoked the litigation process to appellee=s detriment and, thus, waived her right to arbitrate the
counterclaim.  See Frye v. Paine,
Webber, Jackson & Curtis, Inc., 877 F.2d 396, 398 (5th Cir. 1989)
(party waived arbitration by participating in trial that ended in mistrial),
cert. denied, 494 U.S. 1016 (1990); Miller Brewing Co. v. Fort Worth
Distrib. Co., 781 F.2d 494, 497-98 (5th Cir. 1986) (party waived
arbitration by filing multiple lawsuits);[4]
see also In re Serv. Corp. Int=l, 85 S.W.3d 171, 175 (Tex. 2002) (orig.
proceeding) (AThe Fifth
Circuit has held that >a party only
invokes the judicial process to the extent it litigates a specific claim it
subsequently seeks to arbitrate.=@); cf. Sedillo v. Campbell, 5 S.W.3d 824, 826-29 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (holding that defendant
substantially invoked litigation process by filing bankruptcy petition in bad
faith after being sued, then filing counterclaim against plaintiff when
bankruptcy stay was lifted).  Because
appellant waived her right to arbitrate the counterclaim, the trial court did
not abuse its discretion by declining to order that the counterclaim be
arbitrated.  We overrule appellant=s first issue.

Attorney=s Fees Award

In her second issue,
appellant contends that the trial court erred by awarding appellee $3,000 Aas sanctions for attorney fees.@ 

Appellee=s counterclaim alleged that appellant breached the letter agreement
and pled for $6,725.25 in sanctions, plus $3,000 in attorney=s fees Afor
defending [appellant=s] frivolous
[b]reach of [c]ontract [l]awsuit.@  In addition, it also requested
$6,725.25 Afor
frivolous pleading@ and reasonable
and necessary attorney=s fees of
$3,000 under rules of civil procedure 13 and 215 and under section 38.001(8) of
the civil practice and remedies code.  Tex. Civ. Prac. & Rem. Code Ann. ' 38.001(8) (Vernon 1997); Tex.
R. Civ. P. 13, 215.








The trial court=s March 14 letter ruling stated that it was awarding Aattorney fees of $3,000.00 for bringing the action to enforce/abate
together with court costs incurred in bringing that action.@  In its later signed judgment,
the trial court found that appellant breached the letter agreement with
appellee by filing suit instead of an application for arbitration and ordered
that appellee Arecover from
[appellant] $3000.00 in [a]ttorney fees for bringing [the] action [i.e., the
counterclaim], together with [c]ourt costs incurred in bringing the action.@  Appellant contends that the
trial court=s award was
not proper under either rules 13 or 215 or section 38.001(8).[5]

Rule 13 provides in pertinent
part as follows:

The signatures of attorneys or parties constitute
a certificate by them that they have read the pleading, motion, or other
paper;  that to the best of their
knowledge, information, and belief formed after reasonable inquiry the
instrument is not groundless and brought in bad faith or groundless and brought
for the purpose of harassment. . . .  If
a pleading, motion or other paper is signed in violation of this rule, the
court, upon motion or upon its own initiative, after notice and hearing, shall
impose an appropriate sanctions [sic] available under Rule 215‑2b, upon
the person who signed it, a represented party, or both.

 

Courts shall presume that pleadings, motions, and
other papers are filed in good faith.  No
sanctions under this rule may be imposed except for good cause, the particulars
of which must be stated in the sanction order. 
AGroundless@ for
purposes of this rule means no basis in law or fact and not warranted by good faith
argument for the extension, modification, or reversal of existing law.








Tex. R. Civ. P. 13.  A trial court may award a
party its attorney=s fees as a
sanction under rules 13 and 215.2(b)(8). 
Tex. R. Civ. P. 13,
215.2(b)(8); Falk & Mayfield L.L.P. v. Molzan, 974 S.W.2d 821, 823
(Tex. App.CHouston
[14th Dist.] 1998, pet. denied).

We review a trial court=s determination to impose sanctions under an abuse of discretion
standard.  GTE Commc'ns Sys. Corp. v.
Tanner, 856 S.W.2d 725, 730‑32 (Tex. 1993) (orig. proceeding); In
re A.S.M., 172 S.W.3d 710, 717 (Tex. App.CFort Worth 2005, no pet.).  To
determine whether the trial court abused its discretion, we examine whether it
acted without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986); A.S.M., 172 S.W.3d at 717. 
We should overturn a trial court=s conclusion only if it is based on an erroneous view of the law or a
clearly erroneous assessment of the evidence. 
A.S.M., 172 S.W.3d at 717; Ball v. Rao, 48 S.W.3d 332, 338
(Tex. App.CFort Worth
2001, pet. denied).  There is no abuse of
discretion if some evidence of substantive and probative character supports the
trial court=s decision
or if the evidence is conflicting.  A.S.M.,
172 S.W.3d at 717; Prevost v. Ins. Advisors of Tex., Inc., 46 S.W.3d
289, 292 (Tex. App.CFort Worth
2001, pet. denied).








Appellant first contends that
instituting the suit in intervention was not inconsistent with her right to
arbitrate the claim.  But in her petition
in intervention, appellant did not call the arbitration provision to the trial
court=s attention, nor did she ask that her claims be arbitrated.  Instead, appellant asked that the trial court
award $7,725.25, attorney=s fees under
section 38.001 of the civil practice and remedies code and rule 13, and
prejudgment and postjudgment interest. 
Furthermore, at the June 4, 2004 hearing on appellee=s counterclaim, appellant argued that appellee had waived the
right to arbitrate the fee dispute.  We
believe that these actions are inconsistent with appellant=s right to arbitrate.

Appellant also complains that
she did not receive an evidentiary hearing on appellee=s counterclaim.  Rule 13 requires
that the trial court provide notice and hold an evidentiary hearing to make the
necessary factual determinations about the motives and credibility of the
person filing the groundless pleading.  Alejandro
v. Robstown ISD, 131 S.W.3d 663, 669 (Tex. App.CCorpus Christi 2004, no pet.); N.Y. Underwriters Ins. Co. v. State
Farm Mut. Auto. Ins. Co., 856 S.W.2d 194, 205 (Tex. App.CDallas 1993, no writ).  Without
such a hearing, the trial court has no evidence before it to determine that a
pleading was filed in bad faith or to harass. 
Alejandro, 131 S.W.3d at 669; N.Y. Underwriters Ins. Co.,
856 S.W.2d at 205.








At the June 4 hearing, the
trial court allowed both appellant and appellee=s counsel to argue.  The trial
court allowed appellant to fully explain why she filed the petition in
intervention instead of an application for arbitration.  At one point, when appellant was explaining
how the fee dispute started, appellee=s counsel objected:  AI=m going to
object to further testimony on that part because that=s not a part of this.@  [Emphasis added.]  Although neither the trial court nor the
parties explicitly stated that appellant=s arguments were being considered as evidence, and although appellant
was not sworn in, it appears that the trial court gave appellant ample
opportunity to explain her motives for filing the petition in
intervention.  Moreover, appellant did
not object to the lack of an evidentiary hearing on June 4, 2004; she waited
until late June 2005Cover a year
after the June 4 hearing and over three months after the trial court had
announced its intention to award appellee $3,000Cto object.  See Tex. R. App. P. 33.1(a)(1) (requiring
that objection be timely); Appleton v. Appleton, 76 S.W.3d 78, 87 (Tex.
App.CHouston [14th Dist.] 2002, no pet.) (holding that appellant waived
complaint about form of sanctions order because no timely objection).








Appellant further argues that
her conduct did not justify sanctions because it is unclear whether the
arbitration clause in the letter agreement is enforceable.  She cites to the split of authority among the
courts of appeals as to whether an arbitration agreement in an engagement
letter between an attorney and client is enforceable in an action against the
attorney for legal malpractice.[6]  These cases are based on section 171.002(c)
of the civil practice and remedies code, which provides that a personal injury
claim is arbitrable under the TGAA only if Aeach party to the claim, on the advice of counsel, agrees in writing
to arbitrate . . . and . . . the agreement is signed by each party and each
party=s attorney.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 171.002(c) (Vernon 2005).  But
appellant intervened in appellee=s suit against Blay on breach of contract and quantum meruit theories
to recover attorney=s fees; she
did not assert a personal injury claim. 
In addition, appellee=s counterclaim was for breach of contract, not legal malpractice.  Thus, the cases cited in note 6 are not
applicable to this dispute, and the arbitration clause in the letter agreement
could not be rendered unenforceable by that authority.








Appellant generally argues
that the record does not support the conclusion that the petition in
intervention was groundless. 
Groundlessness turns on the legal merits of a claim.  Donwerth v. Preston II Chrysler‑Dodge,
Inc., 775 S.W.2d 634, 637 (Tex. 1989) (defining Agroundlessness@); River
Oaks Place Council of Co-Owners v. Daly, 172 S.W.3d 314, 322 (Tex. App.CCorpus Christi 2005, no pet.).  
To determine if a pleading, motion, or paper was groundless, the court
objectively inquires as to whether the party and counsel made a reasonable
inquiry into the legal and factual basis of the claim at the time the suit was
filed.  In re United Servs. Auto Ass'n,
76 S.W.3d 112, 116 (Tex. App.CSan Antonio 2002, orig. proceeding).








The trial court found that
appellant prepared the letter agreement, that she Ashould not have filed an action for [a]ttorney [f]ees by [b]reach of
[c]ontract without seeking resolution . . . by final arbitration as set forth
in the@ letter agreement, and that appellant Ahad no legal basis to file a [b]reach of [c]ontract intervention which
was a violation of the [letter agreement] she prepared.@  Appellant emphasizes that she
filed the intervention because appellee=s new attorney told her that the only way she would be paid was if the
judge ordered it out of Blay=s pocket.[7]  But the evidence shows that appellant wrote
the letter agreement containing the arbitration clause, that the arbitration
clause specifically provided that no legal proceedings would be instituted
other than arbitration, and that appellant was aware of the inclusion of the
arbitration clause.  There is no evidence
that appellee would have refused to arbitrate or had somehow waived that
right.  The evidence shows that appellant
failed to follow her own agreement by filing the suit in intervention rather
than an application to arbitrate; thus, we conclude and hold that the trial
court did not abuse its discretion in determining that the suit was groundless,
i.e., without any legal basis.








Appellant also generally
contends that the trial court=s implicit finding[8]
that she filed the petition in intervention in bad faith or for purposes of
harassment constitutes an abuse of discretion. 
Bad faith turns on a party=s motives for asserting a claim. 
River Oaks Place, 172 S.W.3d at 322.  Bad faith does not exist when a party merely
exercises bad judgment or is negligent; rather, Ait is the conscious doing of a wrong for dishonest, discriminatory, or
malicious purposes.@  Appleton, 76 S.W.3d at 86-87 (quoting Mattly
v. Spiegel, Inc., 19 S.W.3d 890, 896 (Tex. App.CHouston [14th Dist.] 2000, no pet.)). 
The party moving for sanctions bears the burden of overcoming rule 13=s presumption that a pleading was filed in good faith.  State v. PR Invs. & Specialty
Retailers, Inc., 180 S.W.3d 654, 670 (Tex. App.CHouston [14th Dist.] 2005, pet. filed); Elkins v. Stotts‑Brown,
103 S.W.3d 664, 668 (Tex. App.CDallas 2003, no pet.).  A[T]he requirement that the suit be brought >for purposes of harassment= must mean it was brought for the sole purpose of harassment.@  Donwerth, 775 S.W.2d at
638.








When determining whether rule
13 sanctions are warranted, a court may consider the entire history of the
case.  Falk & Mayfield, L.L.P.,
974 S.W.2d at 825.  Here, the trial court
was aware of the circumstances of the case: 
appellant drafted a letter agreement that precluded the institution of
any legal proceedings other than arbitration; appellant and appellee got into a
dispute over appellant=s fees;[9]
appellant had some apparently heated discussions with appellee=s new attorney regarding payment of those fees, during which appellee=s counsel told appellant that she would not recover any past due
attorney=s fees unless the trial court awarded them to her; and after those
discussions, appellant violated her own letter agreement with appellee by
intervening in appellee=s suit
against Blay and failing to request arbitration of her claims.  Under these circumstances, we cannot conclude
that the trial court abused its discretion by finding that appellant=s suit in intervention was brought in bad faith or for the purpose of
harassment.[10]  See A.S.M., 172 S.W.3d at 717-18.  We overrule appellant=s second issue.

In her third issue, appellant
argues that the attorney=s fees award
was not equitable and just as a matter of law. 
Specifically, appellant contends that the trial court did not find that
appellee was prejudiced by her filing of the suit in intervention or that
appellant waived her right to arbitration. 
She also claims that her conduct was not sanctionable as a matter of
law.  Because we have already addressed
and overruled these arguments in appellant=s first and second issues, we overrule her third issue.








Court
Costs

Although
appellant=s issues
only address the trial court=s attorney=s fees award,
in her prayer for relief, she asks that we Arender judgment that Kees [sic] take nothing by way of litigation
expenses or costs.@  [Emphasis added.]   Additionally, appellant=s second and third issues can be liberally read to include a challenge
to the court costs awarded to appellee. 
Thus, out of an abundance of caution, we will address whether the trial
court abused its discretion by awarding appellee court costs on its
counterclaim.  See Tex. R. App. P. 38.9; Tully v.
Citibank (S.D.), N.A., 173 S.W.3d 212, 217 n.4 (Tex. App.CTexarkana 2005, no pet.).








Under Texas Rule of Civil
Procedure 131, a successful party in a suit is entitled to recover all the
taxable costs it incurred.  Tex. R. Civ. P. 131; Moore v.
Trevino, 94 S.W.3d 723, 729 (Tex. App.CSan Antonio 2002, pet. denied). 
A Asuccessful
party@ is one who obtains a judgment of a competent court of jurisdiction
vindicating a civil claim of right.  Ray
v. McFarland, 97 S.W.3d 728, 730-31 (Tex. App.CFort Worth 2003, no pet.); Moore, 94 S.W.3d at 729.  A party is successful based upon its success
on the merits and not on whether damages are awarded.  Head v. U.S. Inspect DFW, Inc., 159
S.W.3d 731, 749 (Tex. App.CFort Worth 2005, no pet.); Moore, 94 S.W.3d at 729.  For costs to be taxed otherwise, the trial
court must find good cause and state the reasons on the record.  Tex.
R. Civ. P. 141; Furr=s Supermarkets, Inc. v. Bethune, 53 S.W.3d
375, 376‑77 (Tex. 2001); Ray, 97 S.W.3d at 730.  We review the trial court's allocation of
costs under an abuse of discretion standard. 
Rogers v. Walmart Stores, Inc., 686 S.W.2d 599, 601 (Tex. 1985); Ray,
97 S.W.3d at 730.

Here, appellee prevailed on
the merits of its counterclaim. 
Appellant has not challenged the trial court=s finding that she breached the letter agreement by filing a suit in
intervention instead of an application for arbitration.  Thus, appellee was the successful party under
rule 131.  We hold that the trial court
did not abuse its discretion by awarding appellee court costs.

Conclusion

Having
overruled appellant=s three
issues, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED:
July 20, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
trial court=s
order states that A[a]ll
questions of Law were considered by the Court, without any factual testimony or
findings.@ 





[3]We
must affirm the trial court=s judgment if Ait
can be upheld on any legal theory (even if the trial court gives an incorrect
reason for its judgment).@  David L. Smith & Assocs., LLP v.
Advanced Placement Team, Inc., 169 S.W.3d 816, 823 n.7 (Tex. App.CDallas
2005, pet. denied) (citing Guar. County Mut. Ins. Co. v. Reyna, 709
S.W.2d 647, 648 (Tex. 1986)).   





[4]The
standard for determining waiver of the right to arbitrate is the same under the
Texas General Arbitration Act and the Federal Arbitration Act.  Southwind Group, Inc., 188 S.W.3d at
735; Brown v. Anderson, 102 S.W.3d 245, 250 (Tex. App.CBeaumont
2003, pet. denied).





[5]Appellee
appears to contend that the award is also proper under section 37.009 of the
Texas Civil Practice and Remedies Code, but appellee did not request, nor did
the trial court purport to award, attorney=s fees under that section of
the Code, which applies to declaratory judgments.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).





[6]Compare
Taylor v. Wilson, 180 S.W.3d 627, 631 (Tex. App.CHouston
[14th Dist.] 2005, pet. filed) (holding that legal malpractice suit is not
claim for personal injury; thus, section 171.002(c) does not apply to such a
suit and arbitration agreement in engagement letter was not unenforceable on
that ground), In re Hartigan, 107 S.W.3d 684, 690 (Tex. App.CSan
Antonio 2003, orig. proceeding) (same), and Miller v. Brewer, 118 S.W.3d
896, 899 (Tex. App.CAmarillo
2003, no pet.) (same), with In re Godt, 28 S.W.3d 732, 738-39 (Tex. App.CCorpus
Christi 2000, orig. proceeding) (holding that legal malpractice suit is
personal injury claim for purposes of section 171.002(a)(3) and (c); therefore,
arbitration agreement in engagement letter is unenforceable unless requirements
of section 171.002(c) are met).





[7]Blay
was the defendant in the underlying suit.





[8]The
trial court did not make any explicit finding of bad faith as required by rule
13; however, appellant failed to object to the order on this ground.  See Appleton, 76 S.W.3d at 87; see
also Barkhausen v. Craycom, Inc., 178 S.W.3d 413, 421 (Tex. App.CHouston
[1st Dist.] 2005, pet. denied) (AA failure to make particular
findings may be harmless error, if the trial court=s
findings of fact and conclusions of law >supply the particulars of the
good cause required by Rule 13.=@).





[9]Appellee=s
counsel alleged at the June 4 hearing that appellant had refused to give
appellee a copy of his file.





[10]Because
we have determined that the trial court did not abuse its discretion by
awarding appellee its attorney=s fees under rule 13, we need
not determine whether the award was proper under section 38.001(8) of the civil
practice and remedies code.  See Tex. R. App. P. 47.1; Dean v. Frank
W. Neal & Assocs., Inc., 166 S.W.3d 352, 361 n.9 (Tex. App.CFort
Worth 2005, no pet.).